H. A. LONG ET AL. V. M. E. MARTIN ET AL.

No. 4260. Decided June 9, 1926.

(— S. W., —).

1.—Supreme Court—Appellate Jurisdiction—Certified Question.

In answering questions certified to it by a Court of Civil Appeals the Supreme Court is exercising appellate jurisdiction. Schintz v. Morris, 89 Texas, 648. (P. 528).

2.—Same.

The Supreme Court, being without appellate jurisdiction to review the exercise by the Court of Civil Appeals of its original, as distinguished from its appellate jurisdiction (City of Houston v. City of Palestine, 114 Texas, 306), can not pass on questions certified from that court in a case coming under its original jurisdiction—such as an application to it for mandamus to require a district judge to proceed to try a case. (Pp. 527-529).

3.—Mandamus—Writ of Prohibition—Jurisdiction of Courts of Civil Appeals.

A Court of Civil Appeals, for the protection of its jurisdiction, issued a writ of prohibition to a district judge forbidding his proceeding with a case to enjoin the execution of a final judgment rendered by it on appeal. It was not then within the power of another Court of Civil Appeals, under its original jurisdiction, to issue mandamus requiring the district judge to proceed to trial in disregard of the writ of prohibition. Having, itself, no jurisdiction to entertain such suit, it could not confer jurisdiction on the Supreme Court to answer certified questions arising therein. (Pp. 529, 530).

Questions certified from the Court of Civil Appeals for the Tenth District.

*Bullington, Boone, Humphrey & Hoffman,* and *W. L. Eason,* for appellants in the Court of Civil Appeals.

The District Court, having obtained jurisdiction of the cause by the application for injunction, has the authority to determine all the issues between the parties. Spiller v. Hollinger, 148 S. W., 341; Railway Co. v. Anderson, 150 S. W., 249; Middlebrook v. David, 86 Texas, 706; Pardue v. James, 74 Texas, 304; Thorndale v. Continental, etc., 241 S. W., 262; Woodward v. Smith, 253 S. W., 851; 11 Michie, 378; 20 Michie, 1109.

Suits to vacate void judgments have been maintained in Texas from the earliest times. Levy v. Roper, 256 S. W., 251; Brown v. Clippinger, 256 S. W., 254; Taylor v. Hustead, 257 S. W., 232; Milam v. Bass, 163 S. W., 577; Cotton v. Rea, 163 S. W., 21; 11 Michie, 118-162; 20 Michie, 1052-1067; Landa v.

Watkins, 255 S. W., 775. Such suits may be maintained in any court of competent jurisdiction, and it is not necessary that they be in the court where the void judgment was rendered. Cotton v. Rea, 163 S. W., 2, and authorities supra. Articles 4653 and 1830, Sub. 17, do not relate to jurisdiction, but to venue only. Martin v. Kieschneck, 231 S. W., 330; Smith v. Rochelle, 135 S. W., 259; Royal v. Columbia, 170 S. W., 278; Railway Co. v. Anderson, 150 S. W., 248; Kieschnick v. Martin, 208 S. W., 953. Relators have the right to institute, maintain and prosecute to final judgment a suit in any court of competent jurisdiction attacking the validity of the judgment rendered by the District Court of Wichita County and affirmed by the Court of Civil Appeals, and by necessary implication have the incidental right to an injunction to maintain the status quo of the matters involved in such litigation, and if such court commits an error the remedy is by appeal, and the Amarillo Court of Civil Appeals has no jurisdiction to interfere with such suit by writ of prohibition. It is the allegations, and not the proof thereof, that give the right to institute, maintain and prosecute such suit to final judgment. Milam County v. Bass, 163 S. W., 577; Cotton v. Rea, 163 S. W., 21; Taylor v. Hustead, 257 S. W., 232; Landa v. Watkins, 255 S. W., 775.

The Court of Civil Appeals is without jurisdiction to grant a writ of prohibition against a district judge, or the plaintiffs in a suit pending in his court or the attorneys representing the plaintiffs in such suit.

When a judgment for the plaintiff, rendered by the trial court, has been affirmed by the Court of Civil Appeals, the power to enforce the judgment is lodged exclusively in the trial court. Rev. Stats., Arts. 1627, 1646; Irvin v. Ferguson, 83 Texas, 496; Henry v. Rea, 102 S. W., 750; Gillean v. Witherspoon, 121 S. W., 915.

The issuance of the mandate by the Court of Civil Appeals exhausts its jurisdiction over the case and vests in the trial court the exclusive jurisdiction to enforce the judgment. Authorities supra.

Even though it be held that the Court of Civil Appeals has jurisdiction to issue a writ of prohibition, the same could not be issued beyond the confines of its own district. Rev. Stats., Art. 1589.

Even though it be conceded that the Court of Civil Appeals has jurisdiction to issue a writ of prohibition, and that, too, beyond the confines of its own district, and that its jurisdic-

tion is as extensive as that of the Supreme Court, nevertheless in the case at bar, the Court of Civil Appeals has no jurisdiction to issue the writ of prohibition because it does not aid the enforcement of the judgment, but merely affords the relator immunity from litigation. Milam County v. Bass, 163 S. W., 578.

Relators have the right to institute, maintain and prosecute to final judgment a suit in any court of competent jurisdiction, alleging in their petition that the judgment rendered by the District Court of Wichita County and affirmed by the Court of Civil Appeals is temporarily inoperative because dormant, and by necessary implication have the incidental right to an injunction to maintain the status quo of the matters involved in such litigation until the issue of dormancy be determined; and if such court commit an error the remedy is by appeal, and the Court of Civil Appeals at Amarillo has no jurisdiction to interfere with such suit by writ of prohibition. It is the allegations of dormancy, and not the proof thereof, that give the right to institute, maintain and prosecute the suit to final judgment.

The Court of Civil Appeals at Amarillo had no jurisdiction to determine the issue of dormancy, because that is a defense which did not exist anterior to the judgment, but has accrued subsequent to its rendition, and such defense does not relate to its validity, but only renders the judgment temporarily inoperative, and the jurisdiction to determine such issue is vested exclusively in the trial court. North v. Swing, 24 Texas, 194; Seymour v. Hill, 67 Texas, 386; Spiller v. Hollinger, 148 S. W., 341; Gabel v. McMahan, 1 W. & W., Sec. 717; Watson v. Newsham, 17 Texas, 437; Buie v. Crouch, 37 Texas, 53.

Since the petition for writ of error was filed after the expiration of thirty days from the overruling of the motion for rehearing, the same was a nullity, and the judgment of the District Court became final in terms and effect immediately after the expiration of thirty days after the overruling of the motion for a rehearing; and the filing of the void petition for writ of error would not affect the finality of the judgment nor prevent the enforcement of the judgment nor the issuance of mandate; and since no execution was issued within twelve months after the judgment of the District Court became final, the same became dormant and will not sustain an execution. A petition for writ of error filed after the expiration of thirty days after the overruling of the motion for rehearing is a nullity. Rev. Stats., Art. 1541; Long v. Martin, 247 S. W., 827;

Schleicher v. Runge, 90 Texas, 456; Hanover v. Schrader, 89 Texas, 35; Henningsmeyer v. Bank, 109 Texas, 116; Vinson v. Carter, 106 Texas, 273; Flattery v. Miller, 212 S. W., 932; Long v. McCullough, 247 S. W., 827; Continental, etc., v. Thorndale, 254 S. W., 940; Waples v. Railway Co., 95 Texas, 489; Dignowitty v. Fly, 210 S. W., 506; Texas v. Clark, 244 S. W., 997; McGhee v. Rhomatka, 92 Texas, 241; Ex Parte Gill, 89 S. W., 273.

A petition for writ of error filed with the clerk of the Court of Civil Appeals within thirty days, although later dismissed for want of jurisdiction, will suspend the judgment and mandate; but a petition filed after thirty days, likewise dismissed for want of jurisdiction, will not suspend the judgment or mandate. Continental, etc., v. Thorndale, 254 S. W., 940; Texas v. Clark, 244 S. W., 995; Dignowitty v. Fly, 210 S. W., 505; Hume v. Moore, 204 S. W., 381; Fenton v. Bank, 65 S. W., 201; Waples v. Railway Co., 95 Texas, 469; Fain v. McCain, 199 S. W., 889.

Since the judgment in favor of Martin was dormant (Rev. Stats., Arts. 3717, 5696), the 74th District Court at Waco properly enjoined the execution thereon. North v. Swing, 24 Texas, 194; Seymour v. Hill, 67 Texas, 386; Spiller v. Hollinger, 148 S. W., 341; Gabel v. McMahan, 1 W. & W., Sec. 717; Watson v. Newsham, 17 Texas, 437; Buie v. Crouch, 37 Texas, 53.

Where the pleadings of plaintiff not only fail to show a cause of action against defendant, but affirmatively show that he has no cause of action against defendant, such pleadings are a nullity and the judgment based thereon is a nullity. McCamant v. McCamant, 187 S. W., 1096; Taylor v. Hustead, 257 S. W., 232; Haverbekken v. Coryell, 247 S. W., 1088; Railway Co. v. Skeeter, 98 S. W., 1064; Barton v. Pochyla, 243 S. W., 785; Reynolds v. Stockton, U. S., 35 L. Ed., 468; Fox v. Woods, 34 Texas, 224; Thompson v. Bohannon, 38 Texas, 345; Templeton v. Ferguson, 89 Texas, 54; Dunlap v. Southerlin, 63 Texas, 42; Dowdle v. United States, 242 S. W., 773; Hill v. Dons, 37 S. W., 638; Sandoval v. Rosser, 26 S. W., 932; Kelsey v. Trieler, 74 S. W., 66; 1 Black on Judgments, Secs. 171, 184, 242; 23 Cyc., 929; 15 C. J., 24; 7 Michie (U. S.), 739; 15 R. C. L., 604, 895; Rev. Stats., Arts. 1817-1818; Connallee v. Witty, 246 S. W., 718; Montgomery v. McCaskill, 189 S. W., 798; Baker v. Hahn, 161 S. W., 444; Edinburg v. Paschen, 223 S. W., 332; Fisk v. Warren, 248 S. W., 407; 13 Michie's Digest, 1123; Railway Co. v. Carlock, 72 So., 262; Tittle v. Northwestern,

etc., 173 Pac., 253; Edwards v. Bodkin, 267 Fed., 1008; Howell v. Martin, 211 Pac., 528; Jensen v. Gooch, 211 Pac., 552; Crawford v. Pierse, 185 Pac., 316; Almada v. Vandecar, 185 Pac., 908.

*Fitzgerald & Hatchitt* and *Phillips, Townsend & Phillips*, for respondents.

A reading of the opinion of the Court of Civil Appeals directing the issuance of the writ of prohibition discloses that all of the questions sought to be raised by counsel for the relators were determined by the Court of Civil Appeals, and all adversely to the contention of counsel, with the exception of the contention that if a Court of Civil Appeals has the power to issue a writ of prohibition at all, it may do so only as to causes pending in courts within the district of the particular Court of Civil Appeals—this being a question we will notice later. In other words, the Court of Civil Appeals at Amarillo determined that the judgment of the District Court of Wichita County, in Martin's favor, was not void for any of the reasons urged in that proceeding by the relators here, and again urged by them in this proceeding.

It likewise determined that its judgment, affirming the judgment of the District Court, was not void.

It also determined that such judgment was not dormant. The contention that the Court of Civil Appeals may issue a writ of prohibition directed only to courts within the district of the particular Court of Civil Appeals, could hardly have been seriously made.

The Constitution, Section 6 of Article 5, provides that the Courts of Civil Appeals, after outlining their specific jurisdiction, "shall have such other jurisdiction original and appellate as may be prescribed by law."

Article 1592, dealing with those courts, declares: "The said courts and judges thereof shall have power to isssue writs of mandamus *and all other writs necessary to enforce the jurisdiction of said courts.*"

The writ of prohibition is a familiar writ for the protection or enforcement of the jurisdiction of a superior court. Cases in which it has been issued by the Supreme Court are Hovey v. Shepherd, 105 Texas, 237, 147 S. W., 224; Conley v. Anderson 164 S. W., 985; and Milam County Oil Company v. Bass, 106 Texas, 260, 163 S. W., 577, among others. Instances of its issuance by Courts of Civil Appeals are Cattlemen's Trust Co. v. Willis, 179 S. W., 1115; Williams v.

Foster, 233 S. W., 120, among others, in addition to its issuance in this case by the Court of Civil Appeals at Amarillo.

The latest case of its issuance by a Court of Civil Appeals is City of Palestine v. City of Houston, 262 S. W., 215, Advance Sheet of July 9th, 1924, where the Court of Civil Appeals at Texarkana issued the writ enjoining the prosecution of a case in one of the District Courts of Harris County, Harris County being entirely without the district of the Court of Civil Appeals for the Seventh District which issued the writ.

If the particular proceeding which threatens an interference with the jurisdiction of the Court of Civil Appeals be one instituted or pending in any inferior court in any part of the State, it is idle to say that the Court of Civil Appeals is powerless to protect its jurisdiction therefrom. There is no hint or suggestion in the statute that its power is confined simply to those courts which happen to sit within its district. Cases are customarily transferred to those courts from the districts of others of those courts, by order of the Supreme Court under the statute. Of all such cases, the Court of Civil Appeals to which they are transferred, has jurisdiction. Its duty is to determine them, and when it does determine them, it is equally its duty to enforce its judgment respecting them and to prohibit interference with that enforcement by any court within the State wherever sitting.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on certified questions from the Court of Civil Appeals for the Tenth District.

On a preliminary examination of the certificate, for the purpose of determining whether or not it was in proper form, and whether or not we had jurisdiction of the questions, we have concluded that we have no jurisdiction, and must dismiss the certificate.

On February 28, 1920, M. E. Martin recovered judgment in the District Court of Wichita County against H. A. Long and W. H. McCullough for $14,000, with interest and costs. Long appealed to the Court of Civil Appeals for the Second District, and the case was transferred to the Court of Civil Appeals for the Seventh District. That court affirmed the judgment of the trial court. For a statement of the issues

and judgment rendered, we refer to the report of the case in 234 S. W., p. 91.

T. L. McCullough and Ed McCullough were sureties on the supersedeas bond of H. A. Long and W. H. McCullough on the appeal of that case, and judgment was rendered against them as such by the Court of Civil Appeals. Long and McCullough, the principals in the judgment, attempted to remove the cause from the Court of Civil Appeals to the Supreme Court, but the petition for writ of error was dismissed for want of jurisdiction by this Court on January 31, 1923. 112 Texas, 365, 247 S. W. 827.

On December 20, 1923, execution issued to McLennan County on the judgment. The sheriff levied upon certain property as the property of the defendants. At this stage of the proceeding H. A. Long, W. H. McCullough, Ed McCullough, Tom L. McCullough and his wife, Kate O. McCullough, filed suit in the District Court of McLennan County against M. E. Martin, C. C. Shumway, W. Fitzgerald, J. B. Hatchett, and Leslie Stegall, the sheriff of McLennan County.

The purpose of the suit was the cancellation of the judgment above described and injunctive relief against its enforcement. The prayer was for a temporary writ of injunction enjoining and restraining the defendants, and each of them, their agents, employees, and attorneys, "from causing execution or other process to issue on said judgment and from placing execution in the hands of any officers for enforcement, and from causing a levy to be made on plaintiffs' property, and from selling said bank stock or other property, and that on final trial hereof said temporary injunction be made permanent, and that plaintiffs have judgment cancelling and holding for naught said judgment and said abstract of judgment, and for other and further relief," etc.

In view of our disposition of the certificate before us, a statement of the grounds for the relief asked is unnecessary.

Upon the presentation of this petition on January 30, 1924, to the Honorable H. M. Richie, Judge of the 74th District of McLennan County, a temporary restraining order as prayed for was granted:

On the 5th of March, 1924, the Court of Civil Appeals for the Seventh District, which affirmed the judgment of the trial court as heretofore stated, upon notice and hearing granted a writ of prohibition restraining the plaintiffs named in the McLennan County suit, and their attorneys and Judge

Richie, from making any orders that in any way restrained the collection of the original judgment in favor of Martin. The opinion of the Court of Civil Appeals granting this writ of prohibition is reported in 260 S. W., 327.

From this action Long et al. applied for a writ of error, but this Court dismissed the application, for the reason that we had no jurisdiction to review by writ of error judgments of Courts of Civil Appeals in granting original writs of prohibition. See the case of City of Houston v. City of Palestine, 114 Texas, 306.

After the issuance of the writ of prohibition, Judge Richie declined to proceed further with the trial of the case filed in his court.

On July 9, 1924, H. A. Long and the McCulloughs filed an original application for mandamus in the Court of Civil Appeals for the Tenth District, at Waco, to require Judge H. M. Richie to proceed with the trial of *the case filed in his court.* Martin, Shumway, Fitzgerald, and Hatchett were made parties to this application for mandamus. The petition and supplemental petition for mandamus set out at great length the history of the litigation. Judge Richie's answer shows that the only reason why he did not proceed with the trial of the case filed in his court was the writ of prohibition restraining him as Judge of the Seventy-fourth Judicial District "from further maintaining and proceeding with this cause and doing any act the purpose of which was to attack the validity of the judgment of the Court of Civil Appeals in the case of H. A. Long et al. v. M. E. Martin, No. 1762, or the purpose of which would be to enjoin the execution of said judgment, and this respondent construed the suit filed by relators in his court to be an attack upon the validity of said judgment and an effort to enjoin the execution of said judgment, and for said reason your respondent felt that to proceed to try the judgment in said cause would be a judicial act contrary to the court's decree and order aforesaid."

The answer of the respondent Martin et al. alleges that Judge Richie properly refused to try the McLennan County case, because to do so would be in contempt of the Court of Civil Appeals for the Seventh District. They also answered that a writ of mandamus will not lie in this case, for the reason that the judgment of the Court of Civil Appeals for the Seventh District, restraining the relators and their counsel and Judge Richie from proceeding to trial and judg-

ment in the McLennan County case constitutes a final judgment and decree binding upon the Court of Civil Appeals at Waco, being "a court of co-ordinate jurisdiction."

Upon this record the Court of Civil Appeals for the Tenth District at Waco certifies to us nine questions.

In view of the length of the questions certified and the disposition which we must make of the certificate, we will state the substance and effect of the questions, rather than copy same.

The first three questions relate to the jurisdiction of the District Court of McLennan County; that is, whether or not the petition for injunction filed by the relators in the District Court of McLennan County was sufficient to invoke the jurisdiction of that court and to authorize it to restrain respondents from enforcing the judgment of the District Court of Wichita County and the decree of the Court of Civil Appeals for the Seventh District, affirming that judgment.

The 4th, 5th and 7th questions relate to the jurisdiction of the Court of Civil Appeals for the Seventh District, the inquiry being in effect whether or not that court upon an application for a writ of prohibition had jurisdiction and power to prohibit the District Court of McLennan County from trying and determining the case which the relators had filed there, and in doing so to adjudicate the questions as to the validity and dormancy of the judgment rendered by the District Court of Wichita County and affirmed by the Court of Civil Appeals of the Seventh District, and upon which the execution enjoined by Judge Richie was issued.

The 6th and 8th questions relate to the dormancy and validity of the judgment of the District Court of Wichita County, heretofore described, and the decree of the Court of Civil Appeals affirming that judgment.

The 9th question reads as follows:

"Should the writ of mandamus prayed for by relators be issued by this court, and if so what limitations or restrictions, if any, should be imposed?"

We are constrained to dismiss the certified questions for two reasons: (1) Because we have no jurisdiction by certified question of the issues involved; and (2), because the Court of Civil Appeals has no jurisdiction of the mandamus cause as there filed, and therefore nothing to certify.

The authority of Courts of Civil Appeals to certify questions to this Court, where no conflict is stated, and the jurisdiction of this Court to answer them, is derived from

the Constitution, Article 5, Section 3, and from the Revised Statutes, 1925, Article 1851. This Article reads as follows:

"Whenever there shall arise an issue of law which a Court of Civil Appeals should deem advisable to present to the Supreme Court for adjudication, the presiding judge shall certify the question to be decided by the Supreme Court. Pending the decision of the Supreme Court, the cause in which the issue is raised shall be retained for judgment in harmony with the decision of the Supreme Court upon the issue submitted."

The action pending in the Court of Civil Appeals made the basis of the certificate in this case is an application for mandamus in which the jurisdiction of that Court is invoked, not by virtue of its appellate power, but of its original jurisdiction as provided for in Revised Statutes (1925) Art. 1824. It is well settled that this type of action is an original one, as distinguished from cases on appeal. Shintz v. Morris, 89 Texas, 648; Harby v. Patterson, 59 S. W., 63; Anderson v. Ashe, 130 S. W., 1044, 1047, 18 Ruling Case Law, p. 95, Sec. 9, p. 97, Sec. 10, p. 295, Sec. 229.

We have heretofore determined that this Court cannot exercise *appellate* jurisdiction over *original* actions in Courts of Civil Appeals. City of Houston v. City of Palestine, 114 Texas, 306. The only question therefore necessary to now determine is whether or not in answering certified questions under the above statute the Supreme Court must exercise appellate jurisdiction. This question is answered in the affirmative by the case of Shintz v. Morris, just cited. It is true in that case the certificate was one of dissent presented under what is now Revised Statutes (1925), Art. 1852, but the principle involved applies to and controls the present case.

The statute authorizing certificates of dissent, under construction in that case, was passed at the same time and as part of the same Act of the Legislature which authorized the presentation of certified questions to this Court. Acts of the First Called Session of the Twenty-second Legislature, pp. 25 and 31. The language of the two sections as originally enacted and at the present time does not differ in any such material respect as would authorize a difference in construction as to their meaning with reference to the type of cases in which certificates may be made to the Supreme Court, and the conclusion that in answering certificates of

dissent the Supreme Court must exercise its appellate jurisdiction requires the same construction as to the power exercised. in answering certified questions under the statute previously quoted.

Aside from what has just been said on this immediate question, it is very plain that in passing upon the questions certified from the Court of Civil Appeals we are called upon to exercise appellate power. The Constitution, Article 5, Section 3, authorizes this Court to exercise only two classes of jurisdiction. The first is appellate jurisdiction, the right to exercise which is expressly confined by the Constitution to those cases over which the Courts of Civil Appeals exercise appellate power. The second is original jurisdiction, under which we are authorized to issue original writs of mandamus, etc., otherwise than in aid of our appellate power. It is obvious that in answering the certified questions presented to us in this case we would not be exercising original jurisdiction, for the reason that the case is not one originally filed here. Therefore, it must follow, since we exercise but two classes of jurisdiction, one original and one appellate, that the power we are asked to exercise here is purely appellate in character.

From what we have said it is plain that we have no jurisdiction to answer certified questions from a Court of Civil Appeals where the case pending before it is an original one, and therefore over which we have no appellate jurisdiction. Shintz v. Morris, 89 Texas, 648; Harby v. Patterson, 59 S. W., 63.

An analysis of the questions certified shows that the Court of Civil Appeals at Waco, presenting the certificate, is called upon to determine the very questions determined on the application for prohibition by the Court of Civil Appeals at Amarillo, and that any effective order will necessitate a vacation and annulment of the writ of prohibition issued by the Court of Civil Appeals at Amarillo. It is plain, we think, that the Court of Civil Appeals at Waco has no authority to declare void or to annul or vacate a writ of prohibition issued by the Court of Civil Appeals at Amarillo, a court of co-ordinate power, to enforce its own jurisdiction and protect the integrity of its own judgment. Cleveland v. Ward, this day decided, but not yet officially reported, and authorities there cited.

If it be said that the writ of prohibition issued by the Court of Civil Appeals at Amarillo is void (and as to this

we express no opinion), still the fact remains that the Court of Civil Appeals at Waco cannot declare it void and make that declaration effective. The Court of Civil Appeals at Amarillo has by its issuance declared exactly to the contrary, and has the same power to make this judgment in that respect effective as has the Court of Civil Appeals at Waco.

The Court of Civil Appeals at Waco of course has statutory power to direct a district judge to proceed to judgment, and authority to issue the necessary writs to protect him in its exercise. Vernon's Ann. Texas Statutes, Arts. 1824, 1823; Cleveland v. Ward, supra. But that court is without authority to do so in a proceding of this character when the effective exercise of the power would necessarily have the effect to set aside, annul, or vacate an order made by another Court of Civil Appeals. Cleveland v. Ward, supra. When the issuance of a mandamus does necessarily involve a nullification or suspension of the orders of another appellate court, and therefore a conflict of two appellate jurisdictions, the application must be made to this Court, which has no territorial limits except the boundaries of the State. Cleveland v. Ward, supra.

It is obvious therefore, we think, that the Court of Civil Appeals at Waco is without jurisdiction to order the mandamus applied for. That court being without jurisdiction of the case pending before it, we of course have no jurisdiction over the certified questions based upon that case.

For the two reasons previously stated, the certificate is dismissed.