AVERY V. MILLIKIN v. M. C. JEFFREY, DISTRICT JUDGE.

No. 7764.   Decided October 25, 1927.

(299 S. W., 393).

*Clarence J. Ginn* and *Wm. E. Hawkins,* for relator, cited:   Constitution, Art. 5, Secs. 3, 5, 6; Rev. Stats., Arts. 595, 640, 1733, 1824, 2104; Hurt v. State, 51 Tex. Crim., 338; White v. State, 78 S. W., 1066; Columbo v. State, 145 S. W., 910; Fitzgerald v. State, 198 S. W., 315.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

Avery V. Millikin has filed a motion for leave to file a petition for the issuance of a writ of mandamus to the Honorable M. C. Jeffrey, Judge of the Twenty-second Judicial District Court.

The relator was convicted of the crime of murder in the District Court of Caldwell County, over which the respondent was, and is, the presiding judge. This conviction was affirmed by the Court of Criminal Appeals, and rehearing denied June 15, 1927. Millikin v. State, 107 Tex. Crim., 332, 296 S. W., 547.

Relator was in the penitentiary at Huntsville, awaiting execution, when the necessary steps were taken by or for him to have him tried for insanity in accordance with Title 12 of the Code of Criminal Procedure of the State. After this action, application was made to the Court of Criminal Appeals for a writ of habeas corpus and mandamus suspending the execution of the relator and directing the Judge of the District Court of Caldwell County to try him on the plea of insanity in accordance with the statutes. These writs were granted, and in obedience thereto on October 14, 1927, the respondent called a special term of the District Court of Caldwell County for October 20, and is now engaged in the trial of the insanity plea.

The complaint made in the petition for mandamus accompanying the motion which we are considering shows that jury commissioners were not ordered by the District Judge when he called the special term of court to select persons, as provided in the statute, from which a jury should be drawn in the trial of the insanity plea. The relator alleges that the failure of the District Judge to appoint jury commissioners and have jurors drawn by them was not the result of inadvertence or oversight on the part of the District Judge, but of deliberate design and intention. Relator also attaches to his petition a copy of a motion presented to the District Judge, protesting against the trial of the case in the absence of a jury for the week selected and drawn according to law by a jury commission appointed or to be appointed at the special term of the court. In this motion the relator prayed that the court "forthwith appoint such jury commissioners and direct and require them to proceed in accordance with law to select and draw a statutory jury for this week and for the purpose of trying said plea and issue of insanity." The motion was overruled, and relator was compelled to go to trial with a jury summoned by the sheriff in the usual manner.

The relief asked for in this court, as shown in the petition accompanying the motion for leave to file, is that this court issue "forthwith a writ of mandamus addressed to said Judge M. C. Jeffrey as District Judge of said Judicial District of Texas and of said district of Caldwell County, requiring him to proceed no further with the trial in that court upon said plea and issue of insanity before such

picked-up jury, and directing and requiring him to appoint jury commissioners at and during said special term of court, and to direct them to select and draw in the manner and form required by law jurors to try said issue of insanity."

The first question which presents itself for our consideration is one of jurisdiction on the part of the Supreme Court to issue the writs prayed for under the facts stated in the application. The Court of Criminal Appeals, a court of substantially co-ordinate jurisdiction and power over the issuance of writs of habeas corpus, has heretofore issued a writ of habeas corpus and ancillary writ of mandamus, having for its purpose the staying of the execution of the relator and giving him a trial in accordance with the statute on the issue of his present insanity, and therefore of his immunity while in that condition from execution.

Art. 921 of the Code of Criminal Procedure provides that if it be made known to the trial court at any time after conviction that a defendant is insane, then a jury shall be impaneled as in criminal cases to try the issue of insanity, such, as presented in relator's case, requires a trial by jury. Upon compliance with the requisites of Title 12 of the Code of Criminal Procedure by relator, providing for the trial of one who becomes insane after conviction, and upon the failure or refusal of those having the custody of the relator to accord him such a trial, he became entitled to a writ of habeas corpus, not, however, to release him from custody, but for the purpose of preventing his execution and of according him a statutory trial by a jury in the District Court of the county of his previous conviction for crime. The statute not only provides for trial by a jury, but for that trial to be in the county in which he was originally convicted. Vernon's Texas Code of Criminal Procedure, Arts. 921, 930. A trial by a jury in the county of his conviction was the only lawful relief which he could receive, the failure to grant which caused him to apply to the Court of Criminal Appeals for a writ of habeas corpus, and caused that court to award the writ. In order to make the writ of habeas corpus effective, and award relator his lawful right to a statutory trial, the Court of Criminal Appeals was compelled to make its writ returnable to the District Court of Caldwell County, and direct that court to proceed to hear the plea of insanity in accordance with the statutes. The ancillary order of the court to the trial judge to hear the issue of insanity was its sole and only way of making effective its action under its constitutional jurisdiction and power to award the writ of habeas corpus.

It is quite true that the Court of Criminal Appeals does not have general power to issue writs of mandamus, or the power to require a trial on the issue of insanity after conviction when that trial is not a part of the relief to be granted by it under a writ of habeas corpus. Ex Parte Quesada, 34 Texas Crim., 116, 29 S. W., 473. However, the Court of Criminal Appeals and the Judges thereof have power, under the Constitution, to issue writs of habeas corpus and such other writs as may be necessary to enforce their own jurisdiction; and when the issuance of a writ of mandamus is necessary to the effective exercise of its original power to issue a writ of habeas corpus, the Court of Criminal Appeals has the power to issue such a writ, and does issue it. Vernon's Annotated Constitution, Art. 5, Sec. 5; Ex Parte Martinez, 66 Texas Crim., 1, 145 S. W., 959, 965; Ex Parte Carlile, 92 Texas Crim., 495, 244 S. W., 611.

In the case last cited an application for writ of habeas corpus was presented to the Court of Criminal Appeals, in which in order to determine the relators' rights it was necessary to pass on certain facts. The District Court had declined to pass on these facts in an application previously made to it. The Court of Criminal Appeals declined on the application for habeas corpus to hear the facts necessary to be heard in determining the issue made, stating that the Court of Criminal Appeals, "is not a *nisi prius* court, and is without authority to hear evidence and from it determine issues of fact in any case save one involving the jurisdiction of the court." The court, however, held that inasmuch as the relators there were entitled to a trial on the facts by a court having the power to hear them, the application for writ of habeas corpus should be granted with directions to the District Court to hear the case. The court in part said:

"Inasmuch as the right of applicants to a bond commensurate with the facts depends upon what those facts may be shown to be, and this must be determined in a court having power to hear the facts, the application on behalf of each applicant is granted, and *the writ of habeas corpus will be issued by the clerk of this court and made returnable before the Honorable District Court of Cameron County, with directions to said court to hear the facts, and if he be satisfied that applicants have been tried and acquitted for the identical acts, transactions, and offenses embraced in the indictments under which they are now held, that said court should fix and grant to said applicants bail in a nominal sum for their appearance before said court at a time when he may make final disposition of said cases upon a trial on the merits.*" (Italics ours.)

That case is precisely in point here on the question of the jurisdiction of the Court of Criminal Appeals and what it has done. In that case the facts were to be investigated and determined as bearing upon the right of the applicants there for relief. The Court of Criminal Appeals, while granting the writ of habeas corpus, returned it to the District Court having jurisdiction of the offense charged against the applicants, with express directions to that court to try the case and determine the questions and issues made by the facts. In the instant case the Court of Criminal Appeals has taken precisely this course. That court had no power to hear the facts and determine the issue of the present insanity of the applicant, for the reasons: First, as stated in the Carlile case, that the court is not a *nisi prius* court; and, second, because cases of insanity after conviction and trial must be tried before a jury. The Court of Criminal Appeals therefore did the only thing which could bring relief to the relator, granted the writ of habeas corpus, made it returnable to the District Court of Caldwell County, and directed that court by an appropriate mandamus order to give the relator a trial on the issue of insanity in the manner provided by the statutes.

We conclude therefore that the Court of Criminal Appeals in granting the writ of habeas corpus and the ancillary mandamus directing the respondent to proceed with the trial of the issue of relator's present insanity, acted within its jurisdiction.

We are likewise of opinion that since the Court of Criminal Appeals has acted, and assumed jurisdiction of the relief sought by the relator by habeas corpus, the jurisdiction of that court is exclusive, and that this court has no jurisdiction of the petition for mandamus tendered us for filing. It is quite true that the Supreme Court has constitutional and statutory power to direct District Judges to proceed to trial. Rev. Stats., Art. 1734; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063, 1068; Yett v. Cook, 115 Texas, 175, 268 S. W., 715; Burgomeister v. Anderson, 113 Texas, 495, 259 S. W., 1078. But this power does not extend to displacing the jurisdiction exercised or in the process of being exercised by another court of coordinate power and jurisdiction, such as the Court of Criminal Appeals in the instant case. It is a settled principle of law that where one court obtains jurisdiction of the person of another by habeas corpus proceedings, all other courts are without jurisdiction or power to interfere with the proceedings by the court first acquiring jurisdiction of the person or subject matter of the inquiry. 29 Corpus Juris, 116, Sec. 112, par. 2; 12 Ruling Case Law, 1218, Sec. 37;

Ex Parte State of Alabama re: John Williams, 150 Ala., 490, 124 Am. St., 79, 10 L. R. A. (N. S.), 1129; In re: Johnson, 167 U. S., 120; Cooper v. People, 13 Colo., 337, 373, 6 L. R. A., 430; People v. District Court, 26 Colo., 380, 46 L. R. A., 855; Martin v. District Court, 37 Colo., 110, 119 Am. St. R., 262; People v. Superior Court, 234 Ill., 186, 14 Ann. Cases, 753; Church on Habeas Corpus (2d Ed.), Sec. 265.

In Corpus Juris, cited above, the rule is stated as follows:

"Pursuant to a general rule of wide application, and upon which there is no conflict of authorities, it has been held that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another habeas corpus proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated." (Sec. 112.)

Ruling Case Law, supra, declares:

"It is a settled principle of law that a court having possession of a person or property can not be deprived of the right to deal with such person or property until its jurisdiction is exhausted, and that no other court has the right to interfere with such custody or possession. Based on this principle the rule has been stated to be that one court has no jurisdiction to release on habeas corpus a prisoner committed by a court of co-ordinate jurisdiction. Any other rule would produce a conflict of jurisdiction over the right to the custody of the person of the prisoner, and lead to inextricable confusion, resulting in a defeat of the due administration of the law. The fact that the judges of the inferior courts have concurrent jurisdiction with the highest appellate court in habeas corpus proceedings does not authorize a judge of an inferior court to entertain habeas corpus proceedings for the release of a prisoner whose conviction has been affirmed by the appellate court." (Page 1218, Sec. 37.)

Church on Habeas Corpus, states:

"Where a court of general jurisdiction, and legally competent to determine its own jurisdiction, has acquired prior jurisdiction *de facto,* over person or subject matter, no other court will interfere with or seek to arrest its action, while the case is still pending and undetermined. This rule is sustained and supported by all the analogies of the law. It is right in principle, and preventive of unpleasant collision between different tribunals. * * * So where one court has obtained jurisdiction of a case no other court of concurrent jurisdiction will interfere therewith." (Page 374, Sec. 265.)

The authorities in this State are in accord with those just cited and quoted. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063, 1070; Long v. Martin, 115 Texas, 519, 285 S. W., 1075; Benson v. Fulmore, 269 S. W., 71; Long v. Long, 269 S. W., 207.

The authorities cited suffice, we believe, to show that since the Court of Criminal Appeals in the exercise of its lawful power has taken jurisdiction of the person of relator and the subject matter of his relief from sentence of death, and of trial under its direction of the issue of his plea of present insanity, we have no jurisdiction of the application before us, and that any attempt on our part to assume jurisdiction by hearing the petition or granting the relief prayed for would be not only inadmissible under the ordinary rules of comity, but would be void as well.

There is another reason, based upon related principles, why we are without power to hear and determine the application tendered us on its merits—that is, the relator having appealed his original conviction for murder to the Court of Criminal Appeals, and that court having affirmed the death sentence awarded against him, the execution, suspension, or modification of that sentence must be under the mandate of that court. If the officers should, without constitutional or statutory warrant or authority, refuse to carry into effect the sentence against the relator, that court, under its power to enforce its own judgments, orders, and decrees, would have jurisdiction to require the execution of the relator by those charged with that duty. On the other hand, if those charged with the duty of executing the relator should attempt to do so in any other manner than that specified by the statute, or should attempt to imprison him or deport him, or cause him to suffer any other punishment than that of death in the manner provided by law, that court, by virtue of its power to enforce its own mandates, could grant the necessary relief and cause its judgment, sentence, and decree to be effectuated. These propositions are true because every court is clothed with power, by virtue of its erection, to carry into effect its own judgments, sentences and decrees, and prevent interference therewith. The jurisdiction of an appellate court when it once attaches continues until the case as made by the appeal is completely executed by the court below, and it may issue all writs necessary to make effective its decree. Wells v. Littlefield, 62 Texas, 28; City of Palestine v. Houston, 262 S. W., 215; Cattlemen's Trust Co. v. Willis, 179 S. W., 1115; Long v. Martin, 285 S. W., 1075.

The case of Ex Parte State of Alabama, previously cited, very well illustrates the situation and principle involved. In that case the controversy arose over the right of the respondent Weaver, as Judge of the Criminal Court of *Jefferson County,* Alabama, to hear and determine a petition for writ of habeas corpus in behalf of one Williams, who was confined in the jail of that county for safe keeping, to abide the execution of a sentence imposed by the Circuit Court for the *County of Cullman.* Application for writ of habeas corpus was made to Judge Weaver, who presided over a different court in a different county to that in which Williams was convicted, and under the decrees and sentence of which he was to be executed. Judge Weaver issued the writ of habeas corpus, made it returnable before him on a certain day, and application for writ of prohibition to prevent him from trying the habeas corpus proceeding was made to the Supreme Court of Alabama. That court held that Judge Weaver had no jurisdiction of the subject matter of the application for the writ of habeas corpus, holding that since the Circuit Court of Cullman County had entered the original sentence of death against Williams, that court alone had jurisdiction to determine whether or not that sentence should be nullified or abated. In part the Supreme Court said:

"That court having custody of him for the purpose of enforcing its judgment, could the respondent legally entertain the petition for habeas corpus, and thereby deprive the Circuit Court of its custody of him, to the end, it may be, of defeating its right to enforce the judgment? We think not. There is clearly no statute which authorizes such a proceeding. In re: Johnson, 167 U. S., 120, 42 L. Ed., 103, 17 Sup. Ct. Rep., 735, on petition for habeas corpus after conviction and sentence of death by the District Court of the United States, the court said: 'We know of no reason why the rule so frequently applied in cases of conflicting jurisdiction between Federal and State courts should not determine this question. Ever since the case of Ableman v. Booth, 21 How., 506, 16 L. Ed., 169, it has been the settled doctrine of this court that a court having possession of a person or property can not be deprived of the right to deal with such person or property until its jurisdiction is exhausted, and that no other court has the right to interfere with such custody or possession.' * * * This principle, it seems to us, is decisive of the question that the respondent had no jurisdiction to hear and determine the petition for writ of habeas corpus; for it will certainly not be disputed that the custody or possession of Williams by the court

that tried him was essential to the enforcement of the judgment of conviction. Any other rule would produce a conflict of jurisdiction over the right to the custody of the person of the condemned prisoner, and lead to inextricable confusion, resulting in a defeat of the due administration of the law."

In the instant case the relator is under sentence, not alone of the District Court which tried him, and which court would ordinarily have the power to proceed to try the case, but he is likewise under judgment and sentence of the Court of Criminal Appeals of this State, an appellate court with more extensive jurisdiction than our own in criminal matters, and certainly co-ordinate in matters of habeas corpus; and since that court has exclusive jurisdiction to enforce its own decrees and mandates, and has taken jurisdiction of the subject matter of relator's relief from such decrees and mandates by staying the same and determining whether or not in any event relator ought to be executed under the mandate previously ordered by that court, it would follow that we have no jurisdiction of the case made by relator's petition. Any other rule would produce a conflict of jurisdiction and authority never contemplated by the Constitution and statutes of this State.

We have no jurisdiction of the case made in relator's application for mandamus, and his motion for leave to file is accordingly overruled.