**ELLIOTT v. WILLIAMS, District Judge, et al.**
(No. 3645.)

Court of Civil Appeals of Texas. Texarkana. Oct. 6, 1928.

O. B. Pirkey, of New Boston, and Sid Crumpton, of Texarkana, for relator.

Keeney & Dalby, of Texarkana, for respondents.

WILLSON, C. J. (after stating the facts). We think the contention that this court is without power to direct the issuance of the

writ of mandamus as prayed for should be sustained. By the terms of the statute (articles 1823 and 1824, R. S. 1925) this court has power to issue such a writ only (1) when it is necessary to do so to enforce jurisdiction conferred upon it; and (2) "to compel a judge of the district court to proceed to trial and judgment in a cause." It is not necessary to issue the writ to enforce jurisdiction of this court over the controversy between relator and Pinkham, for this court has no jurisdiction over that controversy. By express terms of the statute (article 3151, R. S. 1925) the decision of that controversy by the district court was final, and therefore not subject to be reviewed by this court. The power conferred to grant such a writ "to compel a district court to proceed to trial and judgment in a cause" cannot be invoked, because it appears the court did that—that he in fact tried the contest and in fact rendered judgment determining it on September 20, 1928. That the trial and judgment were on exceptions to the relator's contesting petition, instead of on evidence heard by the court, we think is of no importance, for the judgment on the exceptions was as final and conclusive as it would have been had it been rendered on the evidence. Carpenter v. Landry, 45 Tex. Cr. R. 506, 101 S. W. 277. The contention of the relator to the contrary is on the theory it appeared as a matter of law that the prohibition in article 3018, R. S. 1925, against counting ballots not indorsed by the presiding judge of an election applied in the case. It conclusively appearing that the 83 ballots counted for Pinkham were not so indorsed, relator insists the district court was without any discretion as to the judgment he should render in the case, and that he was bound to render judgment in his (relator's) favor. It is argued that the act of the district court in rendering the judgment he did render, therefore, was capricious and arbitrary, and for that reason void, and not entitled to be treated as a judgment. In that view it is insisted that the relator's contest in fact has never been tried, and that this court has power by force of article 1824, R. S. 1925, hereinbefore referred to, to issue the writ as prayed for, because in doing so it would in effect only be exercising power it possessed by force of said article of the statutes to compel a district court to proceed to trial and judgment in a cause. We are unable to agree with the relator in that view of the case. Even if it should be conceded that the

prohibition in said article 3018, R. S. 1925, applied in the case, we do not think it would follow that the act of the district court in rendering the judgment complained of was capricious and arbitrary, nor, if it was, that this court therefore had a right, in this character of proceeding, to treat it as void. The judgment, we think, must be treated as valid until set aside, and, as we see it, this court is without power to review and set it aside.

As supporting his contention that this court has power to issue the writ, relator cites Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1068; Long v. Martin, 115 Tex. 519, 285 S. W. 1075; G., C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S. W. 297; and Cortimeglia v. Davis, 116 Tex. 412, 292 S. W. 875. The point decided in the Cleveland-Ward Case was that on the facts thereof the Supreme Court had power by mandamus to compel the district court of Johnson county to proceed with the trial of an identical cause pending there and in a district court of Dallas county. The point decided in the Long-Martin Case was that a Court of Civil Appeals had like power in a proper case. The holding in G., C. & S. F. Ry. Co. v. Canty was that rendering judgment on the findings of fact made by the jury in that case was a ministerial act, and that the Supreme Court had power by mandamus to compel the district court to render such a judgment. The Cortimeglia-Davis Case was like G., C. & S. F. Ry. Co. v. Canty; the Commission of Appeals saying that the action of the district court was "in effect a refusal to proceed to judgment in the trial of the cause." We do not regard the ruling we have made as in conflict with the holding in either of the cases above referred to. As we see it, the conclusion reached by us is demanded by statutes above referred to, and is supported with more or less directness by decisions of the courts of this state in Matlock v. Smith, 96 Tex. 211, 71 S. W. 956; Aycock v. Clark, 94 Tex. 375, 60 S. W. 665; Jefferson v. Scott (Tex. Civ. App.) 135 S. W. 705; Smith v. Connor, 98 Tex. 434, 84 S. W. 815; Little v. Morris, 10 Tex. 263; Cunningham v. Corpus Christi (Tex. Civ. App.) 260 S. W. 266; Bank v. Chapman (Tex. Civ. App.) 255 S. W. 807; Eustis v. Frey (Tex. Civ. App.) 204 S. W. 117; and Porter v. Klahn, 1 White & W. Civ. Cas. Ct. App. § 528.

Because, as we see it, this court is without power to issue the writ of mandamus as prayed for, the relator's application is dismissed.