J. M. ALEXANDER V. D. S. MEREDITH, JR., DISTRICT JUDGE, ET AL.

No. 7673. Decided June 18, 1941.

J. M. ALEXANDER V. EARL ROBERTS, DISTRICT JUDGE.

Motion No. 15081. Decided June 18, 1941.
(152 S. W., 2d Series, 732.)

*Jones & Jones* and *J. Edwin Smith,* all of Marshall; for appellant in the certified question, and *Jones & Jones* and *C. A. Brian,* all of Marshall, for relator in motion for mandamus.

*Thompson, Knight, Baker, Harris & Wright, Pinkey Grissom* and *James E. Henderson,* all of Dallas, for appellee in the certified question, and *Thompson, Knight, Harris, Wright & Weisberg,* of Dallas, for respondent in mandamus proceedings.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

J. M. Alexander filed an original proceeding in the Court of Civil Appeals at Texarkana for a writ of mandamus to compel the District Judge to proceed to trial in a certain case then pending in the district court, in which the relator was a party plaintiff. The Court of Civil Appeals has certified to this Court certain questions of law involved therein. It appears to be well settled that the Supreme Court can exercise appellate jurisdiction only in those cases in which the Court of Civil Appeals has jurisdiction by appeal, and that it cannot exercise appelate jurisdiction in actions that originate in the Court of Civil Appeals. Schintz v. Morris, 89 Texas 648, 35 S. W. 1041; City of Houston v. City of Palestine, 114 Texas, 306, 267 S. W. 663. It is also well settled that in answering certified questions the Supreme Court exercises appellate jurisdiction. Long v. Martin, 115 Texas 519, 285 S. W. 1075. Consequently, since this proceeding originated in the Court of Civil Appeals, this Court is without jurisdiction to answer the questions certified. 3 Tex. Jur. 322; Quinn v. Halbrook, 115 Texas 513, 285 S. W. 1079.

For the reason above stated the certificate is dismissed.

The same relator has also filed in this Court a motion for lease to file an original application for writ of mandamus to compel the District Judge to proceed to trial in the same cause. Since the Court of Civil Appeals first acquired and is now exer-

cising jurisdiction over the subject matter, this Court will not take jurisdiction therein. 11 Tex. Jur. 775; Millikin v. Jeffrey, 117 Texas 134, 299 S. W. 393. Consequently, the motion for leave to file the petition for mandamus is overruled.

Opinion delivered June 18, 1941.