## William Rex WOODRUFF

v.

## Lavone M. WOODRUFF.

### No. B–3600.

Supreme Court of Texas.

Nov. 22, 1972.

Rehearing Denied Dec. 20, 1972.

———◆———

Merritt H. Gibson, Longview, for petitioner.

Smead, Roberts, Harbour, Smith, Harris & French, John M. Smith, Longview, for respondent.

PER CURIAM.

The Court of Civil Appeals' opinion in an original habeas corpus proceeding is reported in 483 S.W.2d 951. The application for writ of error in that cause is dismissed for want of jurisdiction. The Supreme Court does not have appellate jurisdiction of habeas corpus proceedings originating in the Court of Civil Appeals.

Article 1728, Texas Revised Civil Statutes Annotated, provides for writ of error review only in "cases when same have been brought to the Courts of Civil Appeals from appealable judgment of trial courts." We have held that the Supreme Court has no appellate jurisdiction of mandamus causes originating in the Court of Civil Appeals. Alexander v. Meredith, 137 Tex. 37, 152 S.W.2d 732 (1941); Scurry v. Friberg, 119 Tex. 463, 32 S.W.2d 637 (1930). The reasoning of those cases is that original mandamus is not a case "brought to the Courts of Civil Appeals from final judgment of trial courts." [1] The same reasoning applies to original habeas corpus brought under Art. 1824a, Texas Revised Civil Statutes Annotated.

1. In 1953 the 53d Legislature substituted the word "appealable" for the word "final" which appeared in the earlier statute. Texas Laws 1953, ch. 424, § 1 at 1026. That change does not diminish the value of the cited cases as authority for our present holding.