Brenda Lee JACOLOS t/n Brenda Lee
Jacobs and Dana Delano
Daniels, Appellants,

v.

The STATE of Texas, Appellee.

No. 1224–84.

Court of Criminal Appeals of Texas,
En Banc.

July 3, 1985.

James M. Murphy, Dallas, for appellants.

Henry Wade, Dist. Atty., and Tom
Streeter, Asst. Dist. Atty., Dallas, Robert
Huttash, State's Atty., Austin, for the
State.

## ORDER ON APPELLANTS' PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In *Jacolos, et al. v. Moss*, Judge, 682
S.W.2d 364 (Tex.App.—Dallas 1984), after
granting leave to file an application for
writ of mandamus or, alternatively prohibi-
tion, from an "Order of Conditional Dis-
charge" rendered under Article 4476–15,
§ 4.12, V.A.C.S. (Texas Controlled Sub-
stance Act) by Honorable Robert Moss,
Judge of the County Criminal Court No. 10
of Dallas County, the Dallas Court of Ap-
peals posed and then answered two ques-
tions it perceived to govern the matter and
accordingly denied the writ.[1]

---

1. "Our first question is whether mandamus will
lie. We hold that it will. Our second question
is whether the assessment of fines and court
costs provided for in the order are 'reasonable
conditions' of probation under section 4.12. We
hold that they are. * * *

  * * * Accordingly, although we have jurisdic-
tion to exercise mandamus, we deny the writ in

this case because the condition complained of is
not one beyond the sound discretion of the trial
judge to impose."
*Id.,* at 365, 366. One judge dissented, presum-
ably on the merits.

  Because the basis on which we will dispose of
this petition for discretionary review inhibits us

In their petition for discretionary review (PDR) appellants [2] present a single ground for review, *viz:*

"The Court of Appeals' decision that a trial court may impose a fine and require the payment of court costs as a 'reasonable condition' of probation under § 4.12, Texas Controlled Substances Act, is in error, and in making such determination, the Court of Appeals has decided an important question of State law which has not been, but should be, settled by this Court. [Tex.Cr.App.] Rule 302(c)(2)."

■ Confronting this Court at the threshold is a central question that must be answered—that is, whether this Court has jurisdiction, power and authority to review on petition for discretionary review a decision rendered by a court of appeals in the exercise of its own original jurisdiction to grant or deny extraordinary writs of mandamus and prohibition. For reasons about to be given, we conclude that this Court is without jurisdiction, power and authority to make that review via a PDR.

An appeal from a judgment of conviction in a capital case in which the death penalty has been assessed is, of course, directly to this Court, but "[t]he appeal of all other criminal cases shall be to the Courts of Appeals as prescribed by law." Article V, § 5, Constitution of the State of Texas. The appellate jurisdiction of courts of appeals, within the geographical limits of their respective districts, "shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction ..." Article V, § 6, *id.* Statutory provisions are to the same effect. See Articles 4.01, 4.03, 4.04, § 2, V.A.C.C.P.; see also Articles 44.24 and 44.25. In criminal cases such is the direct appellate jurisdiction of this Court and of the courts of appeals.

"In addition, the Court of Criminal Appeals may ... review a decision of a Court of Appeals in a criminal case as provided by law." Article V, § 5, supra. But its jurisdiction to review is still appellate in nature and function for the ultimate decision is whether to sustain the judgment of conviction entered by a trial court. Germane law is primarily provided by Articles 44.24, 44.25, 44.36, 44.38 and 44.45, V.A.C.C.P.[3]

Conceptually, the notion of reviewing propriety of issuance of writ of mandamus by a court of appeals through PDR process is at odds with established principles underlying direct appeal and discretionary review. With a few minor exceptions every provision in Chapter Forty-four of the Code of Criminal Procedure is related to exercise of appellate jurisdiction, power and authority in a criminal case from and after notice of appeal. We deal with a judgment of conviction that has been affirmed or reversed, sometimes reformed, by a court of appeals—ordinarily with a written opinion setting forth the reason for its decision but perhaps, where precedent exists, by a certificate of affirmance or reversal with citation of supporting authorities. Article 44.-24(b) and (c), supra. The character of reasons we have declared will be considered in determining whether to grant or deny review mainly involve decided questions of law; since appellate courts rarely, if ever, will decide grounds of error on reasons implicating their own discretion, "abuse of appellate discretion" is not listed as a consideration. See Tex.Cr.App. Rule 302(c). Such a standard is alien to our "review" jurisdiction on PDR.

■ Granted similar constitutional and statutory jurisdiction, power and authority, the Supreme Court of Texas has long and consistently held that it "can exercise appellate jurisdiction only in those cases in

---

from doing so, this Court expresses no opinion on either holding of the Dallas Court of Appeals.

**2.** We denominate them "appellants" only to comport with nomenclature appropriate in a review proceeding intiated by PDR. See Tex.Cr.App. Rule 8(a).

**3.** Since Tex.Cr.App. Rule 302(a) is merely a restatement of germane constitutional and statutory provisions, we do not regard it an independent authority for any proposition pertaining to the jurisdiction of this Court.

which the Court of Civil Appeals has jurisdiction by appeal, and that it cannot exercise appellate jurisdiction in actions that originate in the Court of Civil Appeals." *Alexander v. Meredith,* 137 Tex. 37, 152 S.W.2d 732 (1941). Thus, the Supreme Court "has [no appellate] jurisdiction to grant a writ of error where a Court of Civil Appeals in the exercise of its original jurisdiction ... has issued a writ of mandamus. The judgment of a Court of Civil Appeals in original actions of this character is final, so far as the appellate jurisdiction of this court is concerned." *Scurry v. Friberg,* 119 Tex. 463, 32 S.W.2d 637 (1930). In that situation the Supreme Court will dismiss petition for writ of error for want of jurisdiction. *Ibid.*

 On the other hand, under Article 1733, V.A.C.S., the Supreme Court has jurisdiction to and in an original mandamus proceeding will review issuance of mandamus by a court of appeals. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 107 (Tex.1985).[4] When a court of appeals mandates action by a trial judge concerning a ruling within the discretion of a trial judge, its standard for review is a "clear abuse of discretion" on the part of the court of appeals. *Ginsburg,* supra, at 107, 108; see also *Jampole,* note 4 *ante,* at 572, 576.

Accordingly, since this Court and the Supreme Court are similarly situated under the respective provisions of Constitution and laws of this State providing jurisdiction, power and authority in each, and the latter has created and maintained a long line of settled precedent which we now adapt to the structure of this Court for ruling on the matter at hand, we hold that this Court is without jurisdiction, power or authority to review on petition for discretionary review a decision rendered by a court of appeals in the exercise of its own original jurisdiction to grant or deny extraordinary writs of mandamus and prohibition.[5]

Therefore, the petition for discretionary review must be, and is, dismissed for want of jurisdiction.

It is so ordered.

CAMPBELL, J., concurs in result.

---

**4.** It will also entertain an original petition for writ of mandamus against a district judge. See *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984). The Supreme Court has held that its jurisdiction to issue writs of mandamus to district judges "extends to criminal cases as well," *State ex rel Pettit v. Thurmond, Judge,* 516 S.W.2d 119, 121 (Tex.1974).

**5.** That we did review denial of a writ of mandamus by way of PDR in *Abnor v. Ovard, Judge,* 653 S.W.2d 793 (Tex.Cr.App.1983), without pausing to determine jurisdiction, power and authority of this Court in the premises, means only that the matter did not come to our attention; as precedent that aberration is without value.