

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-86,920-02

### IN RE STATE OF TEXAS EX REL. BRIAN WICE, Relator

### v.

### THE FIFTH JUDICIAL DISTRICT COURT OF APPEALS,
### Respondent

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 05-17-00634-CV, 05-17-00635-CV, & 05-17-00636-CV
### IN THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**YEARY, J., filed a concurring and dissenting opinion.**

### <u>CONCURRING AND DISSENTING OPINION</u>

I agree with essentially everything the Court says in its opinion today right up until

the last sentence in which it announces its disposition. There the Court purports to "vacate

the trial court's second order for interim payment and order the trial court to issue a new

order for payment of fees in accordance with a fee schedule that complies with Article

26.05(c) of the Texas Code of Criminal Procedure." Majority Opinion at 25. I cannot join in

this purported disposition for two reasons.

First, we are not called upon in this matter to order the *trial court* to do anything. In this mandamus proceeding, we are asked to compel the Fifth District Court of Appeals to, in essence, *un*-mandamus the trial court judge.[1] For the reasons developed in the body of the Court's opinion today, I agree we should not. Our disposition should simply announce that the mandamus relief Relator seeks is denied—period. That disposition on our part operates to preserve the ruling of the court of appeals. And that is the end of the matter insofar as we are concerned. The court of appeals' judgment (in which *that* court mandamused the trial court judge) will stand. We have no jurisdiction or authority in this original mandamus proceeding to *directly* compel the trial court to do *anything*.

Second, even if we *had* the authority in this proceeding to compel *the trial court* to do something, we have no occasion in these proceedings to compel it to issue a new order for payment of fees. Certainly Relator has not sought that disposition. Whether a new order for payment of fees should issue is a question not remotely before us, the issue has not been briefed, and any purported disposition in that regard is unauthorized, inappropriate, and purely advisory at best.

It is far from clear to me that the trial court has a ministerial duty to issue a new order

---

[1] *See Jacolos v. State*, 692 S.W.2d 724, 726 (Tex. Crim. App. 1985) (holding that the Court of Criminal Appeals may not review—at least not on discretionary review—rulings of the intermediate courts of appeals that are rendered in the exercise of their own original jurisdiction to grant or deny extraordinary writs). This Court has always reviewed the judgments of the courts of appeals in the exercise of their mandamus jurisdiction by entertaining original mandamus proceedings ourselves. And when we review a court of appeals' mandamus judgment in an original mandamus proceeding before this Court, by definition we are reviewing nothing more than the court of appeals' judgment.

of any kind. It is not even entirely clear to me that the question of whether a new payment order should issue constitutes a "criminal law matter" so as to invoke this Court's mandamus jurisdiction under Article V, Section 5(c) of the Texas Constitution.[2] *See* TEX. CONST. art. V, § 5(c) ("[T]he Court of Criminal Appeals . . . shall have the power to issue . . . in criminal law matters, the writ[] of mandamus[.]"). How does the Court reach the conclusion that a new order of payment is required? Could not some other court presiding over a civil suit addressing these circumstances conclude that the first payment to pro tem counsel—in an amount exceeding $200,000—was more than sufficient compensation for all the work done so far? It also occurs to me that the Court's disposition will likely leave the parties and the lower courts scratching their heads about which fee schedule to base any new payment upon. And all of that counsels me to conclude that we should just prefer silence on the matter rather than an edict.

I would simply deny Relator's requested mandamus relief. We need say nothing else in the way of disposition, and we certainly should *not* announce the disposition that the Court does today. To the extent that its purported disposition has the effect of upholding the court of appeals' ruling, I agree with that implicit disposition. But I disassociate myself from any further purported disposition.

FILED:　　　November 21, 2018
PUBLISH

---

[2] *See Smith v. Flack*, 728 S.W.2d 784, 797 (Tex. Crim. App. 1987) (Onion, P.J., dissenting) ("The color of money is the name of the game, the subject of the litigation. It is a civil law matter. The majority today acts beyond this Court's jurisdiction.").