JOHN S. WILKINS *v.* SAMUEL SOMERVILLE ET AL.

January Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 10, 1907.

*Deeds—Escrows — Conditions — Performance — Conveyance by Vendor to Third Party—Notice—Effect—Specific Performance—Bill—Sufficiency—Amendment — Injunction Against Withdrawing Escrows.*

In equity during the existence of a valid contract for the sale of land, the vendor holds the title to the land in trust for the vendee, who

is himself trustee for the vendor as to the purchase money, and any purchaser from either, with notice, is subject to the same equities as his vendor.

Where a grantor, in fulfilment of his agreement with the grantee, deposited a deed of his farm in escrow, to be delivered to the grantee upon payment by him of a specified sum of money, but before a reasonable time for payment had elapsed and before delivery of the deed to the grantee, the grantor conveyed the farm to another, the original grantee's proper remedy is in equity.

Where the grantor deposits the deed in escrow for delivery to the grantee, he can annex such conditions to its delivery as he chooses, and the fact that in doing so he violates the terms of his contract with the vendee does not give the deed any additional force, and hence, no title could pass by it without a compliance with the conditions of the deposit.

A contract by which a grantor agreed to deposit in escrow a deed of his farm, to be delivered to the grantee on the payment by him of a specified sum of money, is not objectionable for uncertainty though it specifies no time within which the payment shall be made, since by implication payment must be within a reasonable time.

In these circumstances, where the grantor conveyed his farm to another before such reasonable time for payment had elapsed, equity requires that the original grantee have a reasonable further time within which to make payment and receive his deed, unless the right of a *bona fide* purchaser has intervened.

Where the purchaser of land knew that his grantor had deposited in escrow a deed of the land to be delivered to the grantee on payment by him of a specified sum of money, and was put upon inquiry by the existence of an injunction restraining the depositary from surrendering the deed to the grantor, he stands in the same equity as his grantor, and incurs the latter's obligation to fulfil the contract with the original grantee.

Where a bill in equity to compel specific performance of a contract to convey land fails to show the orator ready and willing or that he offers to perform, if in all other respects a case of specific performance is established, the court will not deny relief without an opportunity to the orator to move for leave to amend his bill.

4

In a suit in equity to compel specific performance of a contract, where-
by defendant agreed to deposit in escrow a deed of his farm, to
be delivered to the orator upon payment by him of a specified sum
of money, where it appears that defendant threatened to with-
draw the deed from the depositary before a reasonable time for
payment had elapsed, a temporary injunction holding the deed and
the title to the farm *in statu quo* was properly issued.

APPEAL IN CHANCERY, Chittenden County. Heard at Cham-
bers, August 2, 1906, *Miles,* Chancellor, on the pleadings, mas-
ter's report and exceptions thereto. Decree dismissing the bill
with costs to the defendants. The orator appealed. The opin-
ion fully states the case.

*H. S. Peck* for the orator.

*M. M. Gordon* and *George W. Wing* for the defendants.

Defendants had the right to annex such conditions as they
chose to the deposit of the deed in escrow. *Mechanics Nat.
Bank* v. *Jones,* 76 App. Div. Rep. 535; *Belle* v. *Foreman,* 37
Ohio St. 139; *Campbell* v. *Thomas,* 24 Am. Rep. 427; 1 Devlin,
Deeds, §324.

The deed takes effect only from the time of its delivery
and where a deed is placed in the hands of a third party as an
escrow, the grantee is only entitled to a delivery of the deed
upon a strict compliance with the terms of the agreement, which
was clearly a condition precedent to its delivery. *Dyson* v.
*Bradshaw,* 23 Cal. 528; *Beam* v. *McKusick,* 10 Cal. 538; *Smith
et al.* v. *South Royalton Bank et al.,* 32 Vt. 341.

Where a deed is deposited in escrow, the depositary is the
agent of the grantor and of the grantee; and if the deposit is
upon conditions to be performed by another, and without orig-
inal consideration, the person making the deposit may revoke
his proposition at any time before the other person has complied
with such conditions. *Mechanics' Nat. Bank* v. *Jones,* 76 N. Y.
App. Div. 535. Affirmed in 175 N. Y. 518.

The making of a deed in escrow, presupposes a contract,
pursuant to which the deposit is made; it implies an agreement
between the grantor and the party who is to perform the con-

dition; and when one has agreed to convey when the condition is performed, and the other to perform the condition, and the deed has been placed in escrow, to carry out the purpose as defined in the contract or arrangement between the parties, without any reservation, expressed or implied, on the part of the grantor when the deposit is made, of a right to recall the deed, then the authorities are that the delivery cannot be revoked by the party making it, so long as there is no breach by the other of the condition upon which it was made. *Graham* v. *Graham,* 1 Ves. Jr. 272; *Miller* v. *Parker,* 2 Metc. (Key) 616; *Cook* v. *Brown,* 34 N. H. 476; *Shirley* v. *Ayers,* 14 Ohio 308; Washburn Real Prop. 268; Story Eq. Jur. 703.

The rule of law seems to be well settled, that when one party has been guilty of gross, vexatious, unreasonable, or unnecessary delay or default in relation to it, the other party becomes entitled, by notice, to limit a reasonable time within which the contract shall be performed by the other, and in default of obedience to such notice, the court will not enforce specific performance, but will leave the parties to their strictly legal rights. *Miller* v. *Rice,* 133 Ill. 315; *Wiswell* v. *McGowan,* 1 Hoff. Ch. 125; *Bullock* v. *Adams' Exrs.,* 20 N. J. Eq. 367; Fry on Specif. Perf. §1062; *Burnap* v. *Sharpstein,* 149 Ill. 225.

WATSON, J.  On January 16, 1902, a contract was made between the orator and the defendant Samuel Somerville by which it was agreed that the orator should pay the sum of six thousand dollars for that part of Somerville's farm lying in Duxbury, containing his homestead, and that the deed thereof when made should be deposited with the Capital Savings Bank and Trust Company in Montpelier, in escrow, until that sum should be paid.  The farm was believed by both to contain valuable veins of asbestos and talc, and this they had in view in their negotiations.  On the same day a warranty deed of the property was duly executed by Samuel and his wife, the defendant Eliza M. Somerville, to the orator, and was deposited by the direction of Samuel with the bank in escrow, but instead of the condition being pursuant to his agreement with the orator, he directed the depositary to hold the deed until six thousand dollars should be deposited to his credit, or until called for by him or his attorney, after thirty days from date.

The orator neither consented to nor had any knowledge of any change in the condition, nor was he afterwards informed of it. Indeed never thereafter did Samuel make reference to the time the deed should remain in the custody of the bank, until September 19, when he wrote the orator that after thirty days he should think best to take it therefrom. Again October 6, he in like manner notified the orator that the date for withdrawing the deed was October 20, advising him that what he did must be done before then. In answer to each of these communications the orator protested against its withdrawal. Later Samuel extended the date to October 30, and the depositary notified the orator that unless payment be made by that time, the deed would be returned to the vendor. Thereupon the orator protested to the latter that under their agreement he had no right to recall the deed. On the day before the bank was thus to return the deed an order was issued restraining it from so doing.

On the same day Samuel and wife by their deed of warranty conveyed the land, together with land in Fayston, to the defendant Mark Mears, who in making the purchase was cooperating with defendants George D. Mears, A. W. Slocum, and Mathew M. Gordon, it being understood and agreed between them that Mark Mears should furnish the money to pay for the property, hold the title, and transfer the same to a company to be formed by them. In this purchase the consideration to be paid was six thousand dollars, of which twenty-five hundred dollars was paid by check, with an agreement to pay the balance in sixty days. The deed to Mears was sent by him to the defendand Eber Huntley, town clerk of Duxbury, for record. Soon thereafter this suit was commenced, with a temporary injunction holding the deed and the title to the property in *statu quo*.

The vendor, when depositing the deed with the bank, undoubtedly was competent to annex such conditions to its delivery to the orator as he saw fit, even to the extent of retaining the right to withdraw it from the custody of the depositary at any time, or after a specified time. The fact that in so doing he violated the terms of his contract does not change the situation in this respect, nor give the deed any force which it would not otherwise have. *Stanton* v. *Miller*, 58 ᴸ. Y. 192. No title could pass by it without a compliance with the conditions of the deposit.

It is clear that the orator cannot have adequate remedy by an action at law. In view of the conveyance of the property to a subsequent purchaser the question is, what relief will be granted in a court of equity? The contract is in its nature and incidents entirely unobjectionable. True it contained no specified time in which the condition of the escrow should be performed; yet there was no uncertainty in this respect, since by implication performance must be within a reasonable time. *Ordway* v. *Farrow*, 79 Vt. 192, 64 Atl. 1116. It is found that such reasonable time had not elapsed October 30, 1902, the day finally named by the vendor for the withdrawal of the deed from the bank. Hence the conveyance of the property to Mears the day before was within the time in which the orator by his contract had a right to perform. Yet by that conveyance the vendor not only disabled himself from carrying out his prior contract, but he prevented its subsequent performance by the orator also. In these circumstances unless the rights of *bona fide* purchasers without notice intervene, equity requires that the orator be placed as nearly as possible in the same situation as the vendor agreed that he should be in,—that he have a reasonable further time in which to perform the condition and receive a deed of conveyance of the property according to the terms of his contract. See *Battell* v. *Matot*, 58 Vt. 271, 5 Atl. 479; *Ordway* v. *Farrow*, before cited.

But the subsequent purchaser Mears was not without notice. Before he took his deed he knew all concerning the deed to the orator and was put on inquiry as to the restraining order against the bank, issued the same day. Hence Mears, standing on the same equity as his vendor, will be compelled to perform the contract with the orator by a conveyance of the land in the same manner and to the same extent as the vendor would have been liable to do, had he not transferred the legal title. 1 Story, Eq. Jur. secs. 396, 784; *Taylor* v. *Stibbert*, 2 Ves. Jr. 438; *Potter* v. *Saunders*, 6 Hare 1; *Champion* v. *Brown*, 6 Johns. Ch. 398; *Ten Eick* v. *Simpson*, 1 Sandf. Ch. 244; *Haughwout* v. *Murphy*, 22 N. J. Eq. 531.

This doctrine rests upon the general principle in equity that from the time of a contract for the sale of land, the vendor, as to the land, is considered a trustee for the purchaser, and the vendee, as to the purchase money, a trustee for the vendor.

And every subsequent purchaser from either, with notice, is subject to the same equities as would be the party from whom he purchased. 1 Story, Eq. Jur. sec. 789; *Taylor* v. *Stibbert,* 2 Ves. Jr. 439; *Ten Eick* v. *Simpson,* 1 Sandf. Ch. 244.

The prayer of general relief is sufficient. It is said in substance, however, that the bill does not show the orator ready and willing, nor that he offers, to perform. But since a case for specific performance has been made out in other respects, a court of equity will hesitate to deny such relief without an opportunity to the orator to move for leave to amend his bill.

In the event of such relief being granted, we do not understand that damages are here sought by the orator in addition thereto. Whether in case he does not avail himself of specific performance any claim he may have for damages or for money expended may be here enforced by way of a lien on the property or otherwise, is a question on which we give no intimation.

It sufficiently appears without further discussion that as far as the temporary injunction relates to the land in question it was properly issued to protect the orator's equitable rights in the premises; and with such modifications as may be necessary to the carrying out of the decree it should be made perpetual. Provided that if the orator fails to perform within the time limited, then the injunction should be dissolved for his failure to perfect his title under the decree.

To the extent that the injunction relates to other land, if at all, it was wrongfully issued and should be dissolved. Regarding such land the case will be proceeded with on the question of injunction damages if any are claimed.

The defendant Huntley has no interest in the matters here litigated, he being made a party to the suit only for purposes of the injunction.

*Decree reversed and cause remanded with mandate. Let the costs below be there determined.*