GRIMM et al. v. WILLIAMS et ux.
(No. 5960.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 30, 1918. Rehearing Denied Feb. 27, 1918.)

1. VENDOR AND PURCHASER ⬨⟾93 — CONTRACTS—COMPLIANCE.

Where the vendors who understood that a payment for land should be in cash, on finding that the purchaser was not prepared to make such payment executed the deed, consenting that it should be held in escrow for two days, when payment was to be made, the vendors may, in event of the purchaser's failure to make payment on or before the expiration of the time limited, rescind the contract.

2. DEEDS ⬨⟾108—DELIVERY—EFFECT.

A deed takes effect only from its delivery.

3. ESCROWS ⬨⟾9 — CONDITION—COMPLIANCE.

When a deed is placed in escrow, the grantee is entitled to delivery only upon strict compliance with the terms of the agreement, and a substantial compliance is not sufficient.

4. TRIAL ⬨⟾349(1)—INSTRUCTIONS—GENERAL CHARGE.

Where a cause is submitted on special issues, no charge should be given requiring a general verdict.

5. TRIAL ⬨⟾349(1)—INSTRUCTIONS—REQUEST.

Where the cause was submitted on special issues, the refusal of requested instructions which would not have aided the jury in answering the questions is not error.

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Suit by Otto C. Grimm and others against Charley Williams and wife. From a judgment for defendants, plaintiffs appeal. Affirmed.

E. E. Fischer and Greenwood & Short, all of Seguin, for appellants. Geo. G. Clifton and J. F. Carl, both of San Antonio, and H. M. Wurzbach and J. M. Woods, both of Seguin, for appellees.

FLY, C. J. This is a suit by appellants to compel the specific performance of a contract for the sale of a certain tract of land out of the Green De Witt league on the south bank

of Guadalupe river in Guadalupe county, which was the property of appellees. It was the contention of appellants that the land was to be sold to them by appellees for a certain sum, of which $2,500 was to be paid in a "reasonable time," the deed being in the meantime placed in escrow, and the appellees contend that the $2,500 was to be a cash payment as recited in the deed. The court submitted the cause on the following special issues, which were answered as indicated:

"(1) When the deed was deposited with Judge Dibrell, was it agreed by the parties, or their authorized agent, that the cash payment recited in the deed was to be made in a reasonable time? Answer: No.

"(2) When the deed was deposited with Judge Dibrell, was it agreed by the parties, or their authorized agent, that the cash payment was to be made not later than March 15, 1917? Answer: Yes."

Upon the answers of the jury, judgment was rendered in favor of appellees.

[1] The evidence shows that there was a positive agreement between the parties that the $2,500 was to be paid not later than March 15, 1917, and the money was not paid nor tendered before or on that date. The evidence showed that the $2,500 was to be paid in cash, and it was only when it was ascertained by appellees, on March 13, 1917, the day the deed was executed, that appellants were not prepared with the cash, that it was agreed that the cash payment could be made not later than March 15, 1917. The trade was made on a cash basis, and the deed was placed in escrow only until March 15th had expired. The cash was not paid or tendered until March 19, 1917. Appellees had the right, which was exercised by them, of declaring the trade at an end when the money was not paid as agreed. There can be no question under the facts as to time not entering into the essence of the contract. The money was to be paid on or before a certain date; it was not paid, and the matter was at end if either party so desired. He was not compelled to give any reason for his action. The contract was breached by a failure to pay the money on March 15th.

[2, 3] The instrument, having been placed in the hands of a third person to be held until a certain date, after that date, was absolutely at the disposal of the vendors, and they had the absolute right at any time after that date to demand the return of the deed. The evidence clearly indicated an escrow, and the future delivery was conditioned on the payment of a certain sum of money. No title to the land passed to appellants until that condition was complied with. They acquired no rights under the deed until the $2,500 was paid. "A deed takes effect only from its delivery; and where a deed is placed in the hands of a third person as an escrow, as in this case, the grantee was only entitled to a delivery of the deed upon a strict compliance with the terms of the agree-ment, which was clearly a condition precedent to its delivery." Devlin on Real Estate, § 321, and footnotes.

It is the rule that the performance of the condition of an escrow must be absolute and accurate, and cannot be dispensed with on any otherwise substantial performance. Ruling Case Law, p. 635. The evidence indicates that the grantors wanted the cash money at once, and there is nothing to indicate that a payment in a reasonable time would satisfy them. Time was an essential matter with them, and was of the essence of the contract. There is no evidence tending to show that there was any agreement that appellants might pay the money in a reasonable time.

[4] The first special charge requested by appellants was a general charge to find under a certain state of facts for appellants. When a cause is submitted on special issues, no charge should be given requiring a general verdict. Southerland v. Railway, 40 S. W. 193; Bridgeport Coal Co. v. Wise County Coal Co., 44 Tex. Civ. App. 369, 99 S. W. 409; Hengy v. Hengy, 151 S. W. 1127.

[5] The second and third instructions sought by appellants were properly refused. The only real issues in the case were submitted by the court, and the requested instruction would not have aided the jury in answering the questions. The jury were to find their conclusions from the facts, and the court would then apply the law. The special issues sought by appellants were not pertinent nor proper, and were properly refused. The evidence did not raise any issue of waiver or estoppel.

The judgment is affirmed.