**ALLEN et al. v. STRODE, Special Judge, et al.**

**No. 2508.**

Court of Civil Appeals of Texas. Beaumont.

June 29, 1933.

W. N. Bonner and C. M. Hightower, both of Houston, for relators.

John Gano, of Dallas, and Foster, Williams & Nicholson, of Conroe, for respondents.

PER CURIAM.

On the 1st day of June, 1933, the case of Thomas O. Payne v. A. R. Allen et al., pending on the docket of the district court of Montgomery county, Tex., was called for trial before Hon. J. W. Strode, special judge, who had been duly elected and had duly qualified as such. All parties announced ready for trial, a jury was impaneled, and the case

proceeded to trial upon petition of the plaintiff Thomas O. Payne and the answer of the defendants A. R. Allen and his wife, Jennie Allen, O. Etheridge, and First National Bank of Conroe. Plaintiff's petition was an action for specific performance, on allegations:

That on or about the 23d day of March, 1932, defendants Allen and wife executed to plaintiff an oil and gas lease covering a certain tract of 80 acres of land belonging to the Allen defendants, and fully described in the petition. That, quoting from the petition, "on March 24th, 1932, said lease was deposited in escrow in the First National Bank of Conroe, Texas, under an agreement with the parties that said escrow delivery was irrevocable and conditioned only on the payment of two drafts, one for $2,000.00 only, payable to A. R. Allen and one for $400.00 payable to George R. Pate copies of which drafts are hereto attached and made a part hereof. That said drafts, as is shown on the faces thereof, were payable upon acceptance of title, defendant having stated to plaintiff that he had no complete abstract of title covering said property. That said A. R. Allen agreed to procure delivery to plaintiff of an abstract which would show merchantable title in the said A. R. Allen and wife to said land, said A. R. Allen representing to plaintiff that he was the owner of said land." The form of plaintiff's draft attached to the lease was as follows:

"First National Bank

"Conroe, Texas, Mar. 24, 1932.
"No. ———.
"Upon acceptance of title pay to the order of A. R. Allen $2000.00 Two thousand and no/100 Dollars  With Exchange
"Value received and charge the same to the account of Thomas O. Payne.
"Republic National Bank,
"Dallas, Texas."

That on or about the 21st day of May, 1932, plaintiff gave notice to the Allens, through their agent Pate, that he was willing to accept the Allen title, and gave instructions that the draft, with the lease attached, be forwarded to Dallas for payment. That the draft with lease attached was duly forwarded to and arrived at Dallas, but before it was presented for payment the Allens caused it to be returned to the First National Bank of Conroe. That the Allens refused to deliver to plaintiff the lease, though he was able, ready, and willing to pay the draft according to the conditions of the agreement under which it was attached to the lease, and, after refusing to deliver the lease to plaintiff, they executed a second lease to defendant O. Etheridge. That Etheridge took his lease with knowledge of the conditions of plaintiff's lease, and therefore acquired no rights in the leased premises. The prayer was as follows:

"Wherefore, premises considered, plaintiff prays that notice of the filing hereof be given to the First National Bank of Conroe and that it be required to tender into this court the lease from A. R. Allen and Mrs. Jannie Allen to Thomas O. Payne, said lease to be disposed of as this court may require.

"Plaintiff further prays that the title to, and possession of said lease, under decree of this court be vested to plaintiff and that plaintiff's rights as lessee thereunder be decreed to be paramount and superior to the rights and claims of all parties in said land.

"Plaintiff further prays that said lease from A. R. Allen to O. Etheridge dated May 23rd, 1932, as above set out, be declared ineffective, that the right, title and claim of defendant O. Etheridge in said land be decreed to be subject to plaintiff's leasehold estate as created by the lease dated March 23rd, 1932, above mentioned, and that said lease dated May 23rd, 1932, be cancelled and set aside and that the cloud upon the title of this plaintiff be removed, and that he be decreed by the court to be the legal owner of the leasehold estate under the lease dated March 23rd, 1932, and for such other and further relief as plaintiff may show himself justly entitled."

The defendants answered by general demurrer, special exceptions, and general denial, and by pleading specially that the draft attached by plaintiff to the lease was worthless; that plaintiff had no money in the Republic National Bank of Dallas, the drawee in the draft, and never had sufficient funds therein to protect the draft; and, further, that the lease was deposited by the Allen defendants in the First National Bank of Conroe upon the following terms and conditions:

"Defendants further show that while it was the purpose and the intention of said Payne to secure possession of defendants' available lease, when and after the Strake well was proved to be a producer, for no consideration whatever other than the execution of a worthless draft, this was not the contract, agreement or understanding of the defendants, or either of them, but their only agreement in the premises and their only understanding of the matter was this: Thomas O. Payne was a reliable business man and had in the First National Bank at Conroe at least $2400.00 in cash; that he had drawn his check on his account there and deposited the same with his lease with the officers of the said bank; that his account had been charged with said sum and that $2400.00 in cash was at all times·on deposit in said bank to represent the purchase price of said lease rather than a worthless, fictitious draft drawn on a foreign bank where likewise the said Payne had no funds with which to pay it."

On conclusion of the evidence, the case was

submitted to the jury upon the following special issues, answered as indicated:

."Special Issue No. 1. Do you find from a preponderance of the evidence that plaintiff, Thomas O. Payne, was ready, able and willing on May 23rd, 1932, to pay or cause to be paid the drafts for $2,400.00?" Answer: "_____."

"Special Issue No. 2. Do you find from a preponderance of the evidence that defendant, A. R. Allen, understood the contract with Thomas O. Payne to be that he executed and delivered the lease to the bank in consideration of Payne having in the First National Bank of Conroe $2,400.00 in cash for use in paying the consideration of the lease and commission?" Answer: "Yes."

"Special Issue No. 3. Do you find from a preponderance of the evidence that defendant, O. Etheridge, in acquiring the lease of date May 23, 1932, from A. R. Allen did so without notice of the Thomas O. Payne lease?" Answer: "No."

"Special Issue. No. 4. Do you find from a preponderance of the evidence that the lease dated May 23, 1932, from A. R. Allen to O. Etheridge was an actual bona fide sale of the lease?" Answer: "No."

"Special Issue No. 5. Do you find from a preponderance of the evidence that plaintiff, Thomas O. Payne, prior to the execution of the lease by A. R. Allen and wife, Janie Allen, to him, represented to defendant Allen that he was financially able to and would pay the consideration for said lease in cash upon the approval of the title to the property by A. W. Morris?" Answer: "Yes."

"Special Issue No. 5-A. If you have answered Special Issue No. 5, 'Yes,' and only in that event answer the following Special Issue No. 5-A.

"Do you find from a preponderance of the evidence that the representations made by Thomas O. Payne that he was financially able to and would pay the consideration for the lease in cash upon the approval of the title by A. W. Morris were untrue?" Answer: "_____."

"Special Issue No. 5-B. Do you find from a preponderance of the evidence that plaintiff, Thomas O. Payne, knew at the time he made said representations that they were untrue?" Answer: "_____."

"Special Issue No. 5-C. Do you find from a preponderance of the evidence that plaintiff, Thomas O. Payne, made said representations with the intention that they should be acted upon by A. R. Allen and wife, Janie Allen, in the execution of the lease to him?" Answer: "_____."

"Special Issue No. 5-D. Do you find from a preponderance of the evidence that defendants A. R. Allen and wife, Janie Allen, were induced to execute the lease to Thomas' O. Payne in reliance upon said representations?" Answer: "_____."

"Special Issue No. 6. Do you find from a preponderance. of the evidence that at the time defendants, A. R. Allen and wife, Janie Allen, signed the lease to plaintiff, Thomas O. Payne, the 80 acres described in said lease constituted a part of their homestead?" Answer: "Yes."

"Special Issue No. 7. Do you find from a preponderance of the evidence that the defendant, A. R. Allen and Janie Allen, on or before May 23rd, 1932, or before that time repudiated and notified or caused to be notified Thomas O. Payne or the First National Bank of Conroe that they had repudiated the lease dated March 24, 1932?" Answer: "No."

Upon the verdict of the jury, defendants filed their motion for judgment in their behalf, that plaintiff recover nothing under his petition for specific performance. This motion was duly presented to the court and refused by the following order written by the trial judge upon the motion: "Timely presented and refused only because I find that the verdict is too incomplete to justify judgment for defendants."

On the 9th day of June, 1933, the following order was entered by the court, refusing defendants' motion for judgment and extending the term of court:

"Thos. O. Payne versus A. R. Allen, et al. No. 17413.

"9th Judicial District Montgomery County, Texas.

"Be it remembered that on this the 9th day of June, A. D. 1933, came on to be considered the motion of Defendants A. R. Allen, Janie Allen and O. Etheridge for a judgment upon the verdict of the jury against plaintiff Thos. O. Payne plaintiff, (for himself and others mentioned in his petition) and the parties appeared and argued the motion and the same being considered by the court is overruled, for the reason only that the court considers the answers of the jury incomplete and too incomplete to base a judgment upon, to which Defts. excepted. And upon request of the parties, and the suggestion that a Writ of mandamus to the Supreme Court or Court of Civil Appeals may be applied for, and for the purpose of being in position to abide the judgment and opinion of such Court or Courts, and order that the terms of the court being closed may not prevent, and being yet in the midst of the trial of the case, and justice requiring same it is ordered, adjudged and decreed that this term of this court, (particularly with respect to this case) be and the same is here now extended for such time as may be necessary to the end that appropriate judgments for defendants, as now prayed for may be entered if such ordered by the appellate courts, and

such term is here now extended for such time and for such other proper orders as the court may enter.

"J. W. Strode, Judge Presiding.

"Filed this the 9th day of June, A. D. 1933.

"Lester K. McGuire, Dist. Clerk, Montgomery Co., Tex."

After entry of the order refusing judgment in their behalf, the defendants Allen and wife and O. Etheridge filed in this court, with our permission, their petition for mandamus, naming Thomas O. Payne and Hon. J. W. Strode, special judge, as respondents. The petition alleged the facts as stated above, and concluded with the following prayer:

"Forasmuch, therefore, as your petitioners are without other adequate remedy, legal or equitable, in the premises, and because they have prevailed upon the trial of the case by proper pleadings, evidence and verdict, they are entitled to a judgment that plaintiff, Thomas O. Payne, take nothing by his suit and that all defendants go hence without day and recover their costs of and from plaintiff, Thomas O. Payne, and these Relators accordingly pray that this Honorable Court, after ordering this application filed, shall issue notices to the Respondents (proper waivers will accompany this application) and after a hearing in this Honorable Court in the due and usual order of such proceedings, that this Honorable Court issue its judgment, opinion and writ of mandamus directed to the Honorable J. W. Strode, Special Judge of the Ninth Judicial District of Montgomery County, Texas, directing and commanding him to enter nunc pro tunc as of the 9th day of June, 1933, a proper precept and decree of judgment in favor of defendants and against the plaintiff, Thomas O. Payne, that the said Payne take nothing by his suit, and your Relators further pray for all other and further relief, general and special, in law and in equity, to which they may be entitled, by reason of the premises, and in duty bound they will ever pray."

With the application for mandamus relators filed an agreed statement of facts containing the following provisions:

"(e) It is further stipulated that the evidence upon the trial conclusively showed that Thomas O. Payne had no funds in the First National Bank at Conroe at any of the times involved, and on the 24th day of March, 1932, had no funds in the Republic National Bank of Dallas, but within two days thereafter opened an account in the last mentioned bank for $25.00, and has not had more than $100.00 therein at any time since. While these facts were unknown to Allen, yet the testimony of Thomas O. Payne and C. W. Houseman showed without dispute that early in the month of February, 1932, he arranged with Houseman that similar drafts drawn by Payne on the Republic National Bank should be sent to said bank, and sent by said bank over to Houseman's bank, viz., Mercantile National Bank, and presented to Houseman for payment through the latter bank, and Houseman testified without dispute that his credit there would enable him to take same up and he would have done so had same been presented to him.

"(f) Each party timely requested instructed verdicts which the court refused in each instance."

The application for mandamus was regularly submitted in this court on the 22d day of this month, all parties being present in court either in person or by their attorneys, and was heard upon the pleadings, briefs, and oral arguments.

## Opinion.

■■ The verdict of the jury was not "incomplete." The answer to question No. 2 was to the effect that the lease was deposited by relators Allen and wife in the First National Bank of Conroe, with the understanding on their part that respondent Payne had deposited with the lease $2,400 in money, to be paid to them when respondent Payne accepted their title. Under the admitted facts that was not done. So, as respondent Payne breached one of the most material conditions of the escrow agreement, he was not entitled to specific performance. Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918; Greenameyer v. McFarlane (Tex. Civ. App.) 220 S. W. 613; 10 R. C. L. 636, par. 17; 21 C. J. 880; Devlin, Deeds, vol. 1, p. 567; Wilkins v. Somerville, 80 Vt. 48, 66 A. 893, 11 L. R. A. (N. S.) 1183, 130 Am. St. Rep. 906. To have specific performance of an escrow agreement, plaintiff must show a compliance with all its conditions. Title, "Escrow," 17 Tex. Jur. (pars. 3 and 4) pp. 89, 90; 21 C. J. 880; 10 R. C. L. 635; Grimm v. Williams (Tex. Civ. App.) 200 S. W. 1119; Thornhill v. Olson, 31 N. D. 81, 153 N. W. 442, L. R. A. 1916A, 493, Ann. Cas. 1917E, 427; 10 Tex. Jur. pp. 27 to 30, par. 13.

■ The answer to question No. 2 rendered immaterial any answer the jury could have given to question No. 1, which was submitted in support of the escrow agreement pleaded by respondent Payne. Though Payne may have understood the agreement to be in the terms pleaded by him, as relators Allen and wife did not assent to such conditions, there was no meeting of the minds, and hence no contract. 10 Tex. Jur. § 13; 13 C. J. 376; Gulf, C. & S. F. Ry. Co. v. Dawson (Tex. Civ. App.) 24 S. W. 566; Noble Oil & Gas Co. v. Gist (Tex. Civ. App.) 271 S. W. 300; paragraph 262, 13 C. J. Since the Allens did not agree that respondent Payne could pay for their lease on the 23d day of May, 1932, by paying the draft attached to the lease, it was immaterial that he "was ready, able and willing" to pay the draft on that date.

■ There was no conflict between the answer of question No. 2 and the answer to question No. 5. Question No. 5, construed in connection with question No. 2, was merely evidentiary, or in explanation of the issue submitted by question No. 2. Since the jury found that Payne agreed to deposit the money with the lease, the answers to special issues Nos. 5-A, 5-B, 5-C, and 5-D would have been immaterial on any controlling issue in the case.

■ Questions Nos. 3 and 4 submitted the issue of good faith on the part of relator Etheridge, and were immaterial on the issue of rendition of judgment on the answer to question No. 2. It follows that relators were entitled to judgment, as per their motion, on the jury's answer to question No. 2, Against that conclusion respondents advance the following propositions: (a) They say that judgment cannot be entered on the answer to question No. 2, because the answer to that question directly contradicted the terms of the draft attached to the lease, which showed upon its face that it was drawn upon a Dallas bank, and necessarily implied that it would have to be forwarded to Dallas for payment, and necessarily rebutted any inference or condition that respondent Payne was to deposit with the draft $2,400 in cash. A sufficient answer to this contention is to say that relators pleaded that the draft attached to the lease did not represent the escrow contract. The court admitted proof upon that issue; and the jury found the contract as pleaded by relators. If the court erred in the reception of this evidence, it presents an issue not material on this application for mandamus. (b) Relators further say that all the fact issues were not submitted by the court's charge and therefore the mandamus should not be granted. The only fact issues that could defeat relators' right to judgment under the answer to question No. 2 would be that they waived the conditions of the escrow agreement found by the answer to that question, or estopped themselves from relying upon the conditions of the contract as made, or ratified the contract pleaded by the respondent Payne. Since no such issues were raised by the pleadings of respondent Payne upon the trial of this case in the lower court, they were not in the case, even if raised by the evidence in the lower court. (c) If it be conceded that Payne originally intended to deposit cash with the lease in the bank, and if it be further conceded that the answers to questions 5-A, 5-B, 5-C, and 5-D should or could have been answered in his favor, still relators would be entitled to judgment under the answer to question No. 2, because these concessions would assume an escrow agreement different from the one found by the jury in answer to question No. 2. It follows that respondent Hon. J. W. Strode erred in refusing judgment for relators.

■ We overrule all propositions made by respondents denying our jurisdiction to enter the mandamus prayed for. The power of the Courts of Civil Appeals to direct and order a district judge to proceed to trial and judgment, under the provisions of article 1824, R. S. 1925 (as amended by Acts 1929, c. 33, § 1 [Vernon's Ann. Civ. St. art. 1824]), is now clearly established in our jurisprudence. Walling v. Harendt (Tex. Civ. App.) 37 S.W.(2d) 280; Gulf, C. & S. F. R. Co. v. Canty, Judge, 115 Tex. 537, 285 S. W. 296; Cortimeglia v. Davis, Judge, 116 Tex. 412, 292 S. W. 875; Long v. Martin, 115 Tex. 519, 285 S. W. 1075; Rouff v. Boyd, Judge (Tex. Civ. App.) 16 S.W.(2d) 403; Anderson v. Ashe, Judge, 62 Tex. Civ. App. 262, 130 S. W. 1044; Texas Tram Co. v. Hightower, Judge, 100 Tex. 126, 96 S. W. 1071, 6 L. R. A. (N. S.) 1046, 123 Am. St. Rep. 794. Though the term of the district court at which the case was tried had adjourned when the hearing on this petition for mandamus was had, yet the writ may issue. G. C. & S. F. R. Co. v. Canty, supra. We make this point in view of relators' attack upon the order of the district court extending the term. So the sufficiency of that order becomes an immaterial inquiry. The case just cited also holds that, though no judgment was rendered, the writ may issue directing that judgment be rendered, as well as entered, where the entry of the judgment under the jury's verdict is merely a ministerial act.

Ordinarily it is a correct proposition to say that the higher court cannot control the lower court as to the character of the judgment to be entered, though it be conceded that the power exists to order the lower court to proceed to judgment. But where, as in this case, on the verdict of the jury, the entry of the judgment is merely a ministerial act, the power exists to order that judgment be entered in favor of the party entitled to it under the verdict of the jury. G. C. & S. F. R. Co. v. Canty, supra.

In view of what has been said, we pretermit a discussion of relators' allegations that they were entitled to judgment on the jury's verdict that the property was their homestead. It follows that the mandamus should issue in favor of relators in all respects as prayed for by them, and it is accordingly so ordered.