**FICKAS v. BOWLES et al.**

No. 5372.

Court of Civil Appeals of Texas. Amarillo.

Dec. 15, 1941.

Rehearing Denied Jan. 26, 1942.

G. E. Lockhart and W. R. Porter, both of Lubbock, for appellant.

Vickers &' Campbell, 'of Lubbock, for appellee.

JACKSON, Chief Justice.

The plaintiffs, Mrs. Lillie Bowles, a widow, Lucille Ogden, joined by her husband, John H. Ogden, Mary B. Addison, joined by her husband, Dick Addison, and J. C. Bowles, a single man, instituted this suit against the defendants, Corinne S. Fickas and Wm. D. Green, as an action in trespass to try title to recover title and possession to Lot No. 18 in Block 1 of the Ellwood Addition to the town of Lubbock in Lubbock County, Texas.

The plaintiffs also pleaded that the defendants were claiming title to said property or some interest therein by virtue of two written contracts which they had caused to be placed of record in the Deed Records of Lubbock County; that in truth and in fact said contracts were void, of no force or effect and unenforceable but on account of having been placed of record in the deed records of the county the contracts cast a cloud upon plaintiffs' title. They prayed judgment for title and possession, the cancellation of the contracts; that the cloud be removed from the title; for cost of suit and for general and equitable relief.

The defendant Wm. D. Green filed a disclaimer which eliminated him from the controversy and he is discharged in the judgment.

Corinne S. Fickas answered by demurrers, exceptions and general denial. She pleaded the contract between herself and the plaintiffs; that such contract was placed in escrow in the First National Bank of Lubbock, the validity, the terms and effect thereof and filed a cross-action for damages to which she attached a copy of the contract and made it a part of such cross-action.

It is admitted that Lillie Bowles was the agent for and authorized to act for and bind the other plaintiffs, who were her children.

In response to special issues submitted by the court the jury found the fact issues in favor of the plaintiffs for the cancellation of the Bowles-Fickas contract. They also found that the reasonable market value of the property involved was the sum of $7,000 on May 17, 1939, two days after appellees had declared the deal off.

On these findings the court rendered a judgment cancelling both the Bowles-Fickas and the Green-Fickas contracts, removing the cloud from the title of plaintiffs' land, in whom he decreed title and the right to possession and adjudged that the defendant take nothing by reason of her cross-action for damages.

There is no appeal from the judgment cancelling the contract and removing the cloud from the title of plaintiffs or if so it has been abandoned but the defendant has prosecuted this appeal from the action of the court in refusing her judgment for damages in the sum of $1,000.

The appellant challenges as error the action of the court in failing to render judgment for her for damages in the sum of $1,000 on her motion non obstante veredicto, contending that the undisputed testimony shows that appellees and appellant executed a valid written contract by the terms of which appellees agreed to sell and appellant agreed to buy the land in controversy for a consideration of $6,000; that the testimony shows a compliance by appellant with the contract prior to the time it was revoked, if it was revoked, by appellees and the jury having found the value of the property was $1,000 in excess of the price appellant had agreed to pay, she was entitled to judgment therefor.

The record shows without controversy that in a letter dated April 3, 1939, Corinne S. Fickas forwarded from Lubbock, Texas to Lillie Bowles in Los Angeles, California a contract the provisions of which material to this investigation are as follows:

"By This Agreement and Contract, Mrs. Lillie Bowles hereinafter called seller, hereby sells and agrees to convey unto Corine S. Fickas, hereinafter called Purchaser, the following described property: Lying and situated in the City of Lubbock, Lubbock County, Texas, and being all of Lot #18, in Block #1, in the Elwood Addition to the City of Lubbock, Texas, the purchase price of $6000.00, payable as fol-

lows: $2000.00 Cash of which $1000. cash shall be placed in Escrow in the First National Bank of Lubbock together with a copy of this contract until the final closing of this deal when said Purchaser shall pay the balance of the down payment less any Taxes now due against the above described property. For the balance of the consideration said Purchaser agrees to execute one First Vendor's Lien note in favor of said Seller for the sum of Four Thousand Dollars, ($4000.00) to be made due and payable on or before three months after date and to bear interest at the rate of 6% per annum."

The contract stipulated that $4,000 of the consideration should be evidenced by a vendor's lien note secured also by a deed of trust; that the appellees were to furnish an abstract of title for examination within ten-days and if approved to execute a deed; that the note for $4,000 and the deed of trust were to be executed by the purchaser and the delivery of such instruments to the respective parties by the bank would constitute the consummation of the transaction. In the letter in which appellant enclosed the contract to appellees in California she advised that "if you wish to accept this as drawn please sign the contract in duplicate and send it to the First National Bank of Lubbock with instruction to the Bank that they see to it that *I put up the $1000 with one copy of the contract,* of which I will sign, and they can then return the other copy to you." (Italics ours.)

The contract as originally forwarded provided that the $4,000 note should be payable in four months. The appellees declined to accept a note for that time and advised appellant since they needed the money the note must be for three months and after some correspondence it was so agreed and the contract was changed to provide for a note payable in three months instead of four. After this appellees signed the contract April 10, 1939, and on the same day forwarded it in an air mail letter to the First National Bank of Lubbock in which Lillie Bowles instructed the bank as follows:

"I am sending contract of sale between Mrs. Lillie Bowles and Mrs. W. R. Fickas, Please call her and tell her when the contracts gets there so she can sign. After it is signed and she puts up a one thousand dollar forfeit—hold same in your bank till deal is closed, then she will deposit rest of two thousand dollar minus taxes. When contracts are signed return one copy to me."

On April 19th the appellees inquired of the bank by letter if the contract had been signed and were informed by the bank that the parties "had promised to handle in a few days". On April 24th the appellees through their attorney advised appellant by letter that they were very anxious to learn definitely if she were going to purchase the property, otherwise, they desired to make immediate sale to another party. The appellant was requested in this letter to inform the attorney immediately for it was necessary to wire appellees definitely whether the contract had been signed and the money put in the bank.

On April 28, 1939 the appellant as seller entered into a written contract with Wm. D. Green as purchaser for the sale of the property in controversy for a consideration of $7,000. This contract, which we will call the Fickas-Green contract, stipulated that Green had placed $1,000 with copy of such contract in escrow in the *Citizens National Bank of Lubbock, Texas,* where such contract should be performed within 90 days. This Fickas-Green contract provided, among other things, that:

"It is further agreed that this contract to purchase is conditioned upon, and shall not be binding upon the purchaser unless, (1) the purchaser is able to obtain a commitment from the Great Southern Life Insurance Company of Houston, Texas, that it will make a $3500.00 loan on said property, and (a) said abstract of title is approved as good and merchantable by said insurance company's attorneys, Messrs. Vinson, Elkins, Weems & Francis, Neils-Esperson Bldg., Houston, Texas."

This was obviously a conditional contract and the testimony fails to disclose whether or not the purchaser was able to obtain a commitment from the Great Southern Life Insurance Company of Houston, Texas for a loan of $3,500 on the property. On the same day the appellant wired appellees as follows: "Contract signed as drawn one thousand with it in bank." Corinne S. Fickas signed the contract that day but failed to place the cash or its equivalent in the First National Bank of Lubbock with the signed contract and the information in the telegram relative to the $1,000 being in the bank was unsupported by the facts. The check put up with the conditional Fickas-Green contract was not

dated until May 2, 1939, and did not constitute the cash appellant was required to deposit on the Bowles-Fickas contract. The appellees after learning the money had not been placed in the bank according to the agreement, through their attorney, Mr. Vickers, on May 15, 1939, prior to 3 o'clock P. M. and prior to the closing of the bank on that day, advised the bank through Mrs. Mattie Ausmus, the escrow clerk who was in charge of the Bowles-Fickas contract, not to accept the deposit of the $1,000 provided for therein since the deal was off and the agent of the bank informed Mr. Vickers that no deposit had been put up on said contract and the bank would not thereafter accept any money thereon.

On the same day Mr. M. M. Phillips, who the record indicates was acting for the appellant, on the afternoon of the 15th called at the bank and asked for permission to examine the Bowles-Fickas contract. It was handed to him by Mrs. Mattie Ausmus for that purpose. He failed to redeliver the contract to the agent of the bank but without the consent of the bank or any of the appellees filed it in the county clerk's office at 5 o'clock P. M. on the 15th where in due time it was recorded and redelivered to Mr. Phillips, who gave it to Corinne S. Fickas and by her mailed on May 25th to appellee Lillie Bowles in California.

In our opinion this recitation from the facts reveals that the appellant was not entitled to a judgment on her motion non obstante veredicto.

■■■ The holder of an escrow agreement is an agent for both parties. The Bowles-Fickas contract filed with the bank stipulates that the price for the property is $6,000, payable as follows: $2,000 in cash of which $1,000 cash shall be placed in escrow in the First National Bank of Lubbock, together with a copy of the contract until the deal is closed. The appellant in the letter in which she enclosed this contract to appellees advised them to send it to the First National Bank of Lubbock with instructions that "they see to it that I put up the $1000 with one copy of the contract, of which I will sign, and they can then return the other copy to you." In the letter in which appellees forwarded the contract they instructed the bank to call the appellant when the contract arrived so she could sign it and "After it is signed and *she puts up a $1000 forfeit—hold same* (italics ours) in your bank until deal is closed". In our opinion the bank was authorized by these instructions to secure the signature of appellant and the deposit of $1,000 after which it should hold the contract. Until the appellant complied with her obligations of signing the contract and placing $1,000 in money in the bank with it this Bowles-Fickas contract could be withdrawn together with the propositions therein contained since it was, in effect, only a proposition to be accepted according to its terms. It had not been so accepted and the contract had not become an irrevocable escrow agreement.

In Allen et al. v. Strode, Special Judge, et al., Tex.Civ.App., 62 S.W.2d 289, 292, the court says: "The verdict of the jury was not 'incomplete.' The answer to question No. 2 was to the effect that the lease was deposited by relators Allen and wife in the First National Bank of Conroe, with the understanding on their part that respondent Payne had deposited with the lease $2,400 in money, to be paid to them when respondent Payne accepted their title. Under the admitted facts that was not done. So, as respondent Payne breached one of the most material conditions of the escrow agreement, he was not entitled to specific performance. Riggins v. Trickey, 46 Tex.Civ.App. 569, 102 S.W. 918; Greenameyer v. McFarlane, Tex.Civ.App., 220 S. W. 613; 10 R.C.L. 636, par. 17; 21 C.J. 880; Devlin, Deeds, Vol. 1, p. 567; Wilkins v. Somerville, 80 Vt. 48, 66 A. 893, 11 L.R.A.,N.S., 1183, 130 Am.St.Rep. 906. To have specific performance of an escrow agreement, plaintiff must show a compliance with all its conditions. Title, 'Escrow,' 17 Tex.Jur. (pars. 3 and 4) pp. 89, 90; 21 C.J. 880; 10 R.C.L. 635; Grimm v. Williams, Tex.Civ.App., 200 S.W. 1119; Thornhill v. Olson, 31 N.D. 81, 153 N.W. 442, L.R.A.1916A, 493, Ann.Cas.1917E, 427; 10 Tex.Jur. pp. 27 to 30, par. 13." See, also, Norman et al. v. Wilson, Tex. Civ.App., 41 S.W.2d 331, writ refused.

■ So long as the appellant failed to put the cash or its equivalent in the bank with the contract signed by herself she was in default and was not in a position to charge the appellees with damages unless such default was justified. Hall v. Shirk, Tex.Civ.App., 35 S.W.2d 191.

■■ The appellant assigns as error the action of the court in excluding her testimony relative to her offer to deposit in the First National Bank of Lubbock on April 29, 1929 cash with the Bowles-Fickas con-

tract and the refusal of the escrow clerk of the bank to accept such deposit.

The objections to this testimony are that the bank was not authorized to represent appellees until the cash or its equivalent had been placed in escrow with the bank; that Mrs. Mattie Ausmus, the escrow clerk, had been on the stand, testified, excused and gone and was not available to contradict the testimony of appellant; that Mrs. Ausmus had not been asked about such conversation; that the testimony was impeaching in its nature and no predicate had been laid therefor. The bill of exceptions shows that appellant would have testified that after she and Mr. Green had left the Green-Fickas contract at the bank on the 28th of April they visited the First National Bank of Lubbock on the 29th and Mr. Green in her presence, about 2:30 on that day had with him $1,000 in cash; offered it to the bank for the purpose of having the cash placed with the Bowles-Fickas contract in compliance with the terms thereof and in fulfillment of appellant's obligations therein; that she also offered the cash as her deposit with the contract and Mrs. Ausmus refused to accept it. It is obvious that under the instructions received from appellees the bank was their agent for the purpose of obtaining the signature of appellant to the contract and accepting the deposit by her of $1,000 in money. It is equally manifest that this testimony was not for impeachment purposes since Mrs. Ausmus had not testified relative to this conversation and the appellant was under no obligation to interrogate Mrs. Ausmus relative thereto.

In 17 Tex.Jur. 552, par. 228, the author says: "Statements, declarations or admissions of an agent or servant against the interest of the principal or master made in the course and scope of the agent's or servant's authority and employment, and in regard to an act or transaction pending at the time they were made, are admissible against the principal or master."

This text is supported by the following authorities: Autrey et al. v. Linn et al., Tex.Civ.App., 138 S.W. 197; Dixie Motor Coach Corporation v. Meredith, Tex.Civ. App., 45 S.W.2d 364; Great American Life Insurance Co. v. Gant, Tex.Civ.App., 119 S.W.2d 693.

Had this testimony been admitted and accepted by the jury as facts it would have authorized a judgment in favor of appellant for the sum of $1,000, the difference in the value of the land found by the jury and the consideration at which appellant had contracted to purchase it. At that time the appellees had not withdrawn the contract and certainly the bank was authorized to accept the money. It was the agent for appellees and its act if it refused the cash was binding on them.

The judgment of the trial court cancelling the contract and removing the cloud from appellees' title is affirmed but the judgment denying the appellant a recovery on her cross-action for damages is reversed and the cause on the cross-action remanded for the error of the court in excluding the testimony above considered.